## Shoemaker *against* Kunkle.

5 W  107
203  315

A sale of personal property by a wife, to discharge debts due by her absconding husband, and by his authority, vests a good title in the purchaser; collusion by her with his creditors will not be presumed.

ERROR to the common pleas of *Dauphin* county.

Trover by Jacob Shoemaker and others, trustees under a domestic attachment against Frederick Wolfersberger against Benjamin Kunkle, for three horses and a gig. After Frederick Wolfersberger had absconded, on the 31st of March 1834, he wrote a letter to his wife, which contained among other things, these directions: "I am sorry that I had to leave home on such an account, but you will tell the people to sell such articles as will pay them, and I want you to keep the books and collect all outstanding debts, and as soon as I am in Pittsburgh I will write to you, &c." He then mentions a number of debts he owes, and their amounts, and adds, "I think if you sell nearly all, it will nearly pay all my debts, &c." In pursuance of the power contained in this letter, the wife sold the property in controversy to the defendant. The counsel for plaintiffs requested the court to charge the jury as to the legal effect of this letter, to which they answered.

Blythe, President. "This letter is not such a written instrument as can be made the subject of legal construction by the court. It is therefore referred to the jury, in connection with the other evidence in the cause, to decide whether there is authority given to the wife of Frederick Wolfersberger to sell his property; whether to her alone or in conjunction with others, and what part of his property, and on what terms. This is not a paper made in reference to a single

purpose, but one, from some expressions in which, an authority to sell may be inferred."

*M'Kinney*, for plaintiff in error.
*Fisher* and *J. A. Fisher*, contra.

PER CURIAM.—From Wolfersberger's letter resulted a clear authority to dispose of his property in payment of his debts. His wife was constituted his agent to collect and pay out, not expressly but substantially; and had a general authority to act in the settlement of his affairs as effectively as he could have acted himself. Had the judge charged on the subject, he must have ruled the law in favour of the defendant in error. As to the burthen of proof in respect to the validity of the debts paid by her, there could not be a doubt on the state of the proof. The presumption, which is ever ready to arise in favour of innocence, requires that fraud, to be believed, be first proved. If the wife colluded with any one in the guise of a creditor, it was the business of him who asserted it, to show it; and having failed to do so, the presumption is, that the transaction was fair.

Judgment in each case affirmed.