## City of Allegheny, Appellant, *v.* Federal Street and Pleasant Valley Passenger Railway Company.

*Corporations—Street railways—Dividend—Increase of stock.*

A nominal or arithmetical increase of shares, without transferring to the stockholders anything out of the treasury or property of the corporation, and which is not a cover for distribution of accumulated profits, is not a dividend.

Three street railway companies agreed to consolidate. The first company's stock was worth per share five times as much as that of the second company, and ten times as much as that of the third company. To obtain a convenient divisor of the consolidated stock, the first company increased its shares, and the new stock was issued in proportion of ten shares for each one of the first company, two for each one of the second company, and one for each one of the third company, thus preserving the proportionate value of each to the other. *Held*, that the issue of the increased stock to the stockholders of the first company was not a dividend within the meaning of a law which required the company to pay a tax to a city on dividends declared.

Argued Nov. 3, 1896. Appeal, No. 120, Oct. T., 1896, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1893, No. 148, on verdict for defendant. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit to recover a tax on an alleged dividend. Before WHITE, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

*Error assigned* was above instruction.

*D. F. Patterson* and *Geo. Elphinstone*, with them *Elliott Rodgers*, and *Jos. A. Langfitt*, for appellant, cited: Com. v. W. U.

Tel. Co., 15 W. N. C. 331; Matson's Ford Bridge Co. v. Com., 117 Pa. 265; Lehigh Crane Iron Co. v. Com., 55 Pa. 448.

*D. T. Watson*, with him *Wm. B. Rodgers, Wm. A. Stone* and *W. P. Potter*, for appellee, cited: Com. v. Erie & Pittsburg R. R., 74 Pa. 94; Phila. & Erie R. R. v. Catawissa R. R. Co., 53 Pa. 61; B. & S. R. R. v. Musselman, 2 Grant, 348; Com. v. Pitts., Ft. Wayne & Chicago R. R. Co., 74 Pa. 92; Com. v. Lake Shore R. R., 2 Pearson, 392; Com. v. Transportation Co., 145 Pa. 94.

OPINION BY MR. JUSTICE MITCHELL, January 4, 1897:

The principle upon which this case must turn is the same as that in City of Allegheny v. Pitts., All. and Man. Pass. R. R. Co., opinion filed herewith, ante, p. 414. Both were actions of assumpsit for a tax on dividends. In the present case the appellee was a passenger railway company chartered by special act of Feb. 20, 1868, P. L. 187, with capital stock of two thousand shares at par of twenty-five dollars, but with power of indefinite increase, and in 1889 it had been increased to four thousand shares. In 1889 consolidation with two other roads having been determined on, the capital was further increased to one million dollars, or forty thousand shares at the same par value. The object of this was twofold. As the law was then understood the capital stock of consolidated companies was not permitted to exceed the authorized aggregate capital of the individual companies in the consolidation. The proposed consolidation in this case included the appellee with a capital of one hundred thousand dollars, the Peoples' Park Company, also with a hundred thousand dollars, and the Observatory Hill Company with two hundred thousand. But the appellee's stock was worth per share five times as much as the Observatory Hill, and ten times as much as the Peoples' Park, and a consolidation in the ratio of their nominal capital would not have represented their actual relative values. To obtain a convenient divisor of the consolidated stock therefore, the appellee increased its shares to forty thousand, representing a capital of one million, and the new stock was issued in the proportion of ten shares for each one of appellee's, two for each of the Observatory Hill's, and one for each of the Peoples' Park's, thus

preserving the proportionate value of each to the others without infringing the law. An act of May 13, 1889, P. L. 205, passed while this consolidation was in course of preparation, relieved the necessity of this increase of stock, but the second reason for it, the convenience of distribution of the new stock, remained, and the plan was carried out. For each share in the old Federal Street and Pleasant Valley Company the holder received ten shares of the new consolidated corporation. It is this increase in the number of shares which the appellant claims as a stock dividend liable to tax. Reverting now to the definition of a dividend as discussed in Allegheny City v. Pitts., All. & Man. R. R. Co., supra, it is plain that the substantial characteristic is wanting. There has been no severance of any property from the common fund of the corporation, and no distribution of it as the property of the shareholders individually. The new corporation has the same property the old one had before, no more and no less from this source, and the shareholder has his interest in the same proportion of the corporate whole, although his shares are numerically increased. It was as if the owner of land with a frontage of two hundred feet, divided it into lots of twenty feet each. He has no more land, though he nominally has ten lots instead of one, and though the division may increase the facility of sale or rental. It was held in Com. v. Pitts., Ft. W. & Chicago R. R. Co., 74 Pa. 83, that a nominal or arithmetical increase of shares, without transferring to the stockholders anything out of the treasury or property of the corporation, is not a dividend. That is all there was in this transaction.

It is of course conceded that if the increase of shares was a cover for distribution of accumulated profits it would not be available to escape taxation. But there is no presumption that an increase is a dividend, that is a question of fact for the jury with the burden of proof on the party alleging it: Com. v. Erie & Pitts. R. R. Co., 74 Pa. 94. In the present case the learned judge below said there was "no evidence that the increased number of shares was in consequence of any earnings or profits made by the defendant company," and no attempt has been made to show that he was in error as to that fact.

Judgment affirmed.