George F. Lasher, Appellant, *v.* The Medical Press Company, Limited, The Medical Publishing Company, William H. Pancoast, H. W. Hancock, E. W. McMullen and Frank S. Parsons.

*Appeals—Review—Findings of fact by court below—Fraud.*

An appellate court will not reverse the court below upon its findings of fact except for palpable error.

Fraud is not to be presumed, it must be clearly proven; the presumption of innocence will prevail until overthrown by clear proof of fraud.

*Confessed judgment—Preferred creditor—Fraudulent intent.*

A creditor may take a judgment or conveyance or payment in any form to secure an actual debt, and the transaction will be valid against other creditors, although he knew, (1) that the effect would be to postpone others, (2) that the debtor intended it to have that effect, and (3) although he took it to aid that intention as well as to protect himself. The criterion is not the effect but the fraudulent intent; without that, the transaction cannot be impeached as fraudulent.

*Judgment confessed—Bona fide debt—Fraud.*

A chancellor having found that a judgment had been given to a trustee for the benefit of bona fide creditors under which property was sold and bought in at sheriff's sale, and subsequently assigned by the sheriff's vendee to a new corporation composed of directors of a limited partnership, the defendant in the execution, held that the transaction was valid as against other creditors.

Argued Dec. 16, 1896. Appeal, No. 144, Nov. T., 1896, by plaintiff, from decree of C. P. No. 2, Phila. Co., June T., 1894, No. 144, dismissing plaintiff's bill. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Bill, answers and proof. Before PENNYPACKER, J.

The above cause having come on to be heard on the sixth and seventh days of November, 1895, before the Hon. Samuel W. Pennypacker, sitting as chancellor for the taking of the testimony of witnesses on behalf of the plaintiff and defendant, the court, upon due consideration, finds the facts to be as follows:

First. That The Medical Press Company, Limited, was a partnership association, formed under the provisions of the act

of June 2, 1874, and that it conducted the business of publishing a periodical known as The Times and Register.

Second. That on the fifth day of February, 1894, the said Medical Press Company, Limited, being in failing circumstances, and unable to meet its obligations, confessed judgment for the sum of $321.11 to James D. Winchell, trustee for The Record Publishing Company, Albert DeCernea & Co., the Keighton Printing House, W. H. Hancock and Frank S. Parsons.

Third. That under said judgment an execution was issued on the sixth day of February, 1894; that the sheriff levied upon the effects of the said Medical Press Company, Limited, including its right, title and interest in and to the said publication, The Medical Times and Register, and sold the same, in due form of law, on the fourteenth day of February, 1894, to J. Martin Rommell, who in turn transferred the same to The Medical Publishing Company, a corporation formed under the laws of the state of New Jersey, subsequent to the confession of judgment by the said Medical Press Company, Limited, to the said James D. Winchell as trustee.

Fourth. [That there was no fraud in the execution of the confession of judgment by the said Medical Press Company, Limited, to James D. Winchell, trustee, as aforesaid.] [1]

Fifth. [That there was no fraud in receipt or acceptance of said judgment by the said James D. Winchell, trustee, as aforesaid.] [2]

Sixth. [That the said judgment was not used fraudulently, by the said James D. Winchell, trustee, as aforesaid.] [3]

Seventh. That at the time of the confession of the said judgment, the said Medical Press Company, Limited, was indebted to the plaintiff, upon an open account, in the sum of $124.65, and upon a note, dated December 13, 1893, payable four months after date, for the sum of $1,059.45, upon both of which judgments were subsequently recovered.

Eighth. That on the twenty-first day of May, 1894, the plaintiff issued an execution upon his judgment recovered as aforesaid, under which the sheriff levied upon and sold the right, title and interest of The Medical Press Company, Limited, in the said publication, known as The Medical Times and Register and purchased the same at sheriff's sale for the sum of $5.00.

From these findings the court finds as a matter of law:

(1) [That the Medical Publishing Company acquired good and valid title to the publication known as the Medical Times and Register from the execution issued on the judgment confessed to James D. Winchell, trustee, as aforesaid, and the sale of the sheriff thereunder.] [5]

(2) [That the plaintiff acquired no right, title or interest whatever in or to the publication known as The Medical Times and Register under the execution issued upon the judgment recovered by him as aforesaid, and the sale by the sheriff to him thereunder.] [6]

The bill in this case should be dismissed.

*Errors assigned* were (1–3) to the findings of fact of the court below, reciting same ; (5, 6) to the conclusions of law of the court below, reciting same ; (4, 7) in not finding that the confession of judgment was fraudulent ; (8–10) in not finding as conclusions of law, as requested by plaintiff, that the transaction was fraudulent and the sheriff's sale void as to plaintiff ; (11) in dismissing plaintiff's bill.

*Henry Budd*, for appellant.

*J. Martin Rommel*, for appellee.—If the judgment were admittedly fraudulent, the plaintiff is pursuing the wrong remedy. The court, even in such a case, would not open the judgment and set aside the sale, but the plaintiff would be relegated to his claim against the fund realized by the sale : Moore v. Dunn, 147 Pa. 359.

The general rule is that equity will not interfere between debtor and creditor but will leave each to his rights and remedies at law : Artman v. Giles, 155 Pa. 409.

The facts of this case bring it clearly within the ruling of Werner v. Zeirfuss, 162 Pa. 360.

A judge of the lower court, when sitting as chancellor, having found that the judgment was not collusive and fraudulent, and his finding having been sustained by the court in banc, the appellate court will not reverse such finding except for palpable error : Baird v. Ford, 152 Pa. 637.

OPINION BY REEDER, J., February 16, 1897 :

We are asked by the appellant in this case to reverse the

judge of the court below, sitting as a chancellor, upon certain findings of fact. There are several assignments of error as to the findings of law, or rather the chancellor's omission to sustain certain legal propositions which are all dependent upon alleged facts which he did not find. This leaves, therefore, but one question for us to determine.

It is well settled as a law of this state that an appellate court will not reverse the court below upon its findings of fact except for palpable error.

The Medical Press Company, Limited, was a partnership formed under the provisions of the act of assembly of June 2, 1874, and they published for several years a medical journal, known as The Medical Times and Register. Having become involved financially they confessed to T. D. Winchell, as trustee for certain creditors, a judgment upon which execution was issued and the property and effects of the company, as well as all its right, title, and interest in The Medical Times and Register, were purchased by J. M. Rommel at the sheriff's sale and subsequently transferred by him to the Medical Publishing Company, a corporation organized under the law of the state of New Jersey. The corporators of The Medical Publishing Company were also the directors of the Medical Press Company and were conversant with and parties to the confession of judgment under which this controversy arose. Several months afterward George F. Lasher, the plaintiff, obtained judgment against the Medical Press Company, issued execution, and purchased at the sheriff's sale all the right, title, and interest of the Medical Press Company, in The Medical Times and Register. He then brought this bill in equity asking the court below to enjoin the defendants from exercising any control over the property in their possession, because the judgment which led to the sheriff's sale by virtue of which they claim title was fraudulent and therefore void. The sole question, therefore—except the question of jurisdiction in this case of a court of equity, which was not considered in the court below, and which we will not determine here—is, did the learned judge of the court below, in determining that there was no fraud in this confession of judgment commit palpable error.

Fraud is not to be presumed; it must be clearly proven; the presumption of innocence will prevail until overthrown by clear

proof of fraud: Shoemaker v. Kunkle, 5 Watts, 107; Lutton v. Hesson, 18 Pa. 109; Bear's Est., 60 Pa. 430; Com. v. Erie & Pittsburg R. R. Co., 74 Pa. 94. While fraud is not to be presumed yet it can be inferred from facts clearly proved leading to that conclusion: Jackson v. Summerville, 13 Pa. 359; Abbey v. Dewey, 25 Pa. 413; Bentz v. Rockey, 69 Pa. 71.

It is an undisputed fact in this case that the judgment given to Winchell was for the benefit of bona fide creditors. The plaintiff claims, however, that the confession of judgment was made, not for the purpose of paying these creditors, but for the purpose of hindering others. In Werner v. Zierfuss, 162 Pa. 360, the Supreme Court say: " If a creditor takes a judgment or conveyance or payment in any form to secure an actual debt, the transaction will be valid against other creditors, although he knew, (1) that the effect would be to postpone others, (2) that the debtor intended it to have that effect, and (3) although he took it to aid that intention as well as to protect himself. The criterion is not the effect but the fraudulent intent; without that, the fraudulent transaction cannot be impeached."

In the case now under consideration there is absolutely no direct proof of any intent to merely delay creditors at the time of the confession of judgment. The plaintiff claims that there is such an inference from the facts proven as is sufficient to overthrow the presumption of innocence. In this the court below differed from him, and in this conclusion we see no error.

The indebtedness of the company consisted at the time of the confession of these judgments of several thousand dollars over and above the aggregate amount of the judgments confessed, together with the indebtedness due this defendant. The fact that some of the creditors whom the Medical Press Co., Limited, desired to protect did not know of the fact that judgment was being confessed to them is, in itself, no evidence of fraud. A party has a right, being insolvent, to protect upon his own motion by confession of judgment, or by payment, any one of his creditors to the exclusion of others, even without their knowledge, and while it may be, in connection with other facts in the case, sufficient to establish fraud, yet in itself it is not conclusive evidence of fraud; and the other facts in the case, viz : that the parties had, prior to the confession of judgment, determined to create a corporation; that the trustee had no notice of the

intention to confess a judgment in his favor; the letters written to Dr. Waugh, are insufficient to establish such a strong inference of fraud as would justify the intervention of the court below to restrain by injunction the control by the defendant of the property purchased by them from Rommel, the purchaser at the sheriff's sale.

The judgment is affirmed.