No. 13,652.

HENRY GERMANN, JR., VS. PAUL J. CRESCIONI.

### SYLLABUS.

In fixing damages to be awarded for slander, the court will take into consideration the fact that the objectionable words were uttered in the heat of passion, by one, who, for the time, believed that he had a grievance, and that it was probably so understood by those who heard him.

A PPEAL from the Civil District Court, Parish of Orleans—*King, J.*

*Sambola & Ducros, (Barnard B. Howard,* of counsel), for Plaintiff, Appellant.

*Denegre, Blair & Denegre,* for Defendant, Appellee.

The opinion of the court was delivered by

MONROE, J. This is an action in damages for slander, insult, and abuse. The defendant denies the use of the language attributed to him. The facts disclosed by the record are, that the plaintiff is superintendent and cashier of the New Orleans Contracting Company, Limited, lessee of the public markets in this city; that the defendant is a collector for the same concern; and that his business is to collect the dues

in several of the markets and turn them over to the plaintiff. Upon March 16, 1900, he appeared in the office of the company and handed to the plaintiff certain collections, made up in part, of silver. The plaintiff returned to him a one dollar silver coin, with the remark that it was counterfeit, to which the defendant replied, "this makes one dollar and a half that I owe you," or words to that effect. After which he left the office, saying to himself, *"Dieu est bon,"* as indicating that he was not altogether satisfied. About twenty or thirty minutes later he reappeared, in an excited condition, and throwing the coin, or a coin, upon the desk of the plaintiff, said to the latter, in substance, that it was not his, that it did not come out of his bag, that he had his money counted in the presence of others before he brought it to the plaintiff, and that the plaintiff had taken the said coin out of his sleeve. To this the plaintiff replied, that the defendant would have to pay the amount, and that he (plaintiff) would take it out of his salary. There were a few other words, and then defendant applied to the plaintiff certain epithets, which are unfit for publication, invited him outside to be kicked, and, the invitation not being accepted, left the place. There were present at the time, within a few feet of the parties, three other collectors of the contracting company, and, a little further off, but within ear shot, a bookkeeper for another business house, the office of which is in the same apartment. These four witnesses, with the plaintiff, all give substantially the same testimony, which is to the effect, as above stated. There was no one else present save the defendant, who denies that he made use of the bad language and epithets attributed to him, and says, referring to the occasion of his returning to the office, which is admitted, "I said to him like this" (witness making a "motion with his hands), this is not mine, you can have that" (witness "motioning with his hands to Mr. Germann). "He says to me, 'You "are a —— —— liar.' I was outside of the railing. He had in his "hand a book or ledger. The safe was in this position" (witness indi-"cating). "He had the safe open, like in this manner" (witness indi-"cating). "He put the book in the safe and he runs back to the desk. "I says, don't put your hand on that drawer; I says, 'You punch peo-"ple in this place, but you don't punch me. You may punch Dagoes, "but you won't punch me'. He says, 'You —— —— rat, you'll have "to pay for that', meaning the counterfeit dollar. I says, 'I have been "doing that ever since I have been working here.'"

"Q.—Did you curse him? A.—No, sir;" etc.

" Q.—What did you tell him when he called you a —— liar ?  A.—I " says, 'You're another one'.  I asked him to come out of the office and " I will punch your head.  These are the words I passed as I was going " out of the office, 'I will punch your head'.  I passed those remarks as " I was going out."

It further appears, as a fact, that, before bringing in his collections upon the day in question, the defendant had had the money counted by a friend, who testifies that he made a memorandum of the amount upon a slip of paper, which is filed in evidence, and from which it appears that there were $51.35 in silver, and $84.00 in currency.  And when the defendant left the office of the company, upon the first occasion, he went back to his friend and asked him whether, in counting the money, he had seen the piece which defendant exhibited to him (being the piece which he, defendant, had received back from the plaintiff).  His friend assured him that he had not, and he testified, as a witness in the case, that there was no such piece among the coin counted by him.  It was, then, with this assurance that the defendant returned to interview the plaintiff, with the result as has been stated.  There was some testimony offered, for the purpose of showing that the plaintiff was aggressive, and some to show that the defendant is quarrelsome, but nothing that has any appreciable bearing upon the case; and we finish our reading of the record with the conviction that the defendant wrongfully, and in hearing of, at least, four other persons, applied to the plaintiff epithets which are too vile for repetition.  We have no doubt that he was exasperated at finding the silver dollar returned upon his hands, and that, after consulting his friend, he believed, for the time at least, that there was some mistake and that he was imposed upon.  But in this he was entirely mistaken.  In view, however, of the fact that he spoke in the heat of passion, and that it was no doubt so understood by those who heard him, and hence, that the injury to the plaintiff was not so great as it might otherwise have been, we will fix the amount of damages to be awarded at one hundred dollars.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be jugment in favor of the plaintiff, Henry Germann, and against the defendant, Paul J. Crescioni, in the sum of one hundred. dollars ($100.00) with costs in both courts.