LAND, J.
Plaintiff charged that the defendant, on April 5, 1904, did enter her store and place of business, and there, in the presence of a large crowd assembled, did strike, beat, insult, and abuse her, she being in a delicate state of health at the time, to her damage and injury in the sum of $5,000.
Defendant, after pleading the general issue, set forth Ms version of the difficulty, in which he averred that plaintiff attempted to assault him and that defendant stopped the assault, using no more strength and force than, was absolutely necessary for that purpose.
By consent of parties the cause was tried before the district judge without the intervention of a jury. The result of the trial was a judgment in favor of the plaintiff for *293 $350 damages. Defendant appealed, and plaintiff in her answer prayed that the judgment be amended by increasing the amount to the full sum demanded in her petition.
No useful purpose would be subserved by detailing the conflicting evidence adduced on the trial of the ease in the lower court. The decision hung on the credit to be attached to the testimony of the witnesses, and the trial judge was in a far better position than we are to determine that question. Suffice it to say that the testimony of plaintiff is corroborated by that' of several witnesses, and is sufficient to sustain the judgment.
Defendant denies that he struck the plaintiff, . but this denial cannot be reconciled with his plea of guilt on the criminal charge of assault and battery founded on the same state of facts. On the cold record before us we are not prepared to say that the judge a quo erred in his appreciation of the evidence.
The evidence for plaintiff shows that defendant grossly insulted her and slapped her, in her place of business, in the presence of a number of people, without any sufficient provocation or excuse. The physical injury was slight, but the plaintiff was outraged in her feelings and in her right of personal security. In such cases, the quantum of damages is left largely to the sound discretion of the jury or the trial judge. We see no good reason to disturb the finding of the court a qua on the amount allowed. Defendant’s counsel refers us to the ease reported in Grant v. Haynes, 105 La. 306, 29 South. 708, 54 L. R. A. 930, and Germann v. Crescioni, 105 La. 497, 29 South. 968, wherein the amount of $100 was allowed as damages for slander. There is a clear distinction in gravity between slander and a gross personal insult followed by assault and battery. When the object is a woman, it is properly considered as an aggravating circumstance by the judge or jury.
Judgment affirmed.