We affirm the judgment. If it be not a clerical error, a rehearing will have to be granted.

By reason of the law and the evidence being in favor of the state and against the defendant, the judgment is affirmed.

PROVOSTY, J., dissents.

---

(48 South. 159.)

No. 17,181.

CHAUVIN v. CALDWELL.

(Jan. 4, 1909.)

ASSAULT AND BATTERY (§ 40*)—CIVIL ACTIONS—DAMAGES.

Where defendant sought out plaintiff with the deliberate intention of assaulting him, and did brutally assault him, and as a result thereof plaintiff limped for some 30 days, and his ear, which was permanently displaced, remained black and blue a long time, he was entitled to $500 damages, notwithstanding the mitigating circumstance that plaintiff during the difficulty called defendant a liar.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 55; Dec. Dig. § 40.*]

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; William Pierrepont Edwards, Judge.

Action by Oscar J. Chauvin against Vernon L. Caldwell. From the judgment, plaintiff appeals. Judgment amended, and, as amended, affirmed.

Gordy & Gordy, for appellant. Greene & Greene, for appellee.

PROVOSTY, J. This suit is in damages for assault and battery. The jury allowed $25, and the plaintiff has appealed. Defendant has answered the appeal, and prayed that the suit be dismissed.

Defendant is a general contractor. His firm had built a house for plaintiff, and his brother, acting for the firm, had made a settlement with plaintiff. In this settlement, plaintiff had deducted $40 from the contract price for a debt which he said the defendant's firm owed him.

A few days later plaintiff was on the street with a friend, when defendant accosted him, and asked him to step aside, as he wanted to have a few words with him. They walked across the street. Defendant was carrying under his arm a pane of glass 28x34 inches. He laid this glass down, and began the conversation; and soon there occurred between them what defendant characterizes as an altercation and street fight, and plaintiff, as an assault and battery.

Defendant's age is not given. His weight is said by himself to be 230 pounds. He is described as a strong, robust, muscular man. Plaintiff is 46 years old, weighs 135 to 136 pounds, is a storekeeper, has been in bad health, suffering from asthma for 25 years, and is a frail man.

Plaintiff testifies that after a few words on the subject of the $40—defendant saying he did not owe it, and he, plaintiff, saying that if defendant would come to his store he would show him that he did—defendant called him a rascal, and seized him by the collar with one hand and with the fist of the other pounded him on the side of the face and knocked him down, and then kicked him repeatedly; that he, plaintiff, made no movement to strike defendant, but merely caught hold of his hand with both of his in trying to get loose.

Defendant testifies that as soon as he mentioned the $40, and said he did not owe it, plaintiff became very angry and called him a damned liar and that thereupon he struck plaintiff; does not know whether he struck him with his open hand or with his fist; does not know whether he kicked him or not; does not know whether he called him a rascal or not.

A witness whose attention was attracted by the loud talking heard the words "rascal" and "liar," but could not say from which one of the parties.

As the result of the encounter, plaintiff limped for some 30 days, and his ear remained black and blue a long time, and is permanently displaced, or, as the witnesses express it, "flops" more than the other.

Whether there is or not in the case the mitigating circumstance of plaintiff having called defendant a liar, we think the amount allowed by the jury is insufficient. We think defendant sought out plaintiff with the deliberate intention of assaulting him in case he did not consent to pay the $40. The precautionary care with which he laid down the pane of glass before beginning the conversation shows this. The assault was brutal. We fix the damages at $500, and would allow much more were we certain that the word "liar" had not been used by plaintiff, or had been used by him only when called a rascal.

It is ordered, adjudged, and decreed that the judgment therein be increased to $500, and that as thus amended it be affirmed; defendant to pay all costs. Interest at the rate of 5 per cent. per annum to run on $50 from the date of judgment in the lower court, and on the balance of this judgment from this date.