His Honor, CHARLES P. CLAIBORNE,
rendered the opinion 'and decree of the Court, as follows:
This is a damage suit for assault and battery.
Plaintiff alleges that he is seventy years old; that during November, 1911, he was walking on the street when suddenly without provocation the defendants, Salvatore and Oscar Lofaso, assaulted and beat him with a stick, and severely injured him abqut the head, face, and arms, in consequence of which he was confined to his bed for two weeks; that he is a blacksmith by trade and lost $40 in business and paid $5 for medicines and medical attention and is entitled, besides to $750 as compensation for physical suffering and humiliation ;and as exemplary damages.
Defendants pleaded general denial and specially denied that they had assaulted plaintiff, but .averred that on the contrary, the plaintiff without cause assaulted Salvatore Lofaso who is the- father of Oscar Lofaso; they further averred that they are the proprietors of a fruit stand corner of Elm and Adam Sts-.; that on the evening of the alleged assault two colored boys came into defendant’s store -and ran off with some candy and fruit; that thereupon Salvatore Lofaso chased the boys, when he was in *445 tercepted by the plaintiff, also colored, who grabbed him. by the throat, and was proceeding to choke him, when Oscar Lofaso came to his rescue and prevented plaintiff from injuring him; that defendants were arrested, on a charge of disturbing the peace, and were honorably discharged by the recorder.
There was judgment for plaintiff for $30.0 and defendants have appealed.
Plaintiff testified that on a certain night while he was coming from church, of which he is an officer, and while he was crossing the corner of Elm and Adam going to his home he saw a boy running on the other side of the street; he was looking that way when a colored man named "Williams holloaed to him to look out, that a man was going to hit him with a stick, and before he had time to turn around the man Salvatore Lofaso struck him across the head with a stick; then his son Oscar Lofaso ran out of the store and they both jumped on him and struck him and threw him down; and the son knocked one of his teeth out; he employed Dr. Pase, colored, who charged him three dollars, and he was in bed for two weeks and could not work; he did not say a word to Lofaso before he was struck, nor did Lofaso say anything to him; he did not have hold of the boy; he did not strike Lofaso; when he was trying to get .away from him, Oscar came up; Oscar did not come between them to separate them, but he jumped upon him and beat him; an officer made a charge against all of them for disturbing the peace which the Recorder dismissed; he never had any trouble in Court before.
• 'Charles'IT. Williams never knew Christmas before the night of the assault; he is a longshoreman; when the fight was going on he was standing in the middle of the street at the corner; his attention was attracted by a noise in *446 the dago shop where there were two boys; the old man Lofaso brought one of the boys to the door and struck him very hard; he turned back and got the,taller boy and struck him .and kicked him and knocked him down and both boys ran off; then the old man got a stick and ran after the big boy; just then Christmas stepped .from urn der an oak and Lofaso commenced hitting him with the stick; neither had said a word; he was the only one near; then a young lady appeared in the shop door and said something he did not understand; and while Salvatore was fighting Christmas young Lofaso ran across the street and without a word started to beat Christmas, and knocked him down; he told them they were beating the wrong man, and Christmas asked them why they were beating him.
Daisy Prim did not see the trouble, heard Christmas scream, and holloa not to hit him; she went up to him, and he was on his knees, all bloody.
Dr. W. F. Fase, colored, visited Christmas the day after the injury; found him with a “contused and lacerated mouth,” and a severe contusion of one of his arms; one of his teeth was out and he pulled out another which was loose; Christmas remained in bed for .a week and after-wards wore his. arm in a sling for ten days.
The defendant, .Salvatore, did not understand or speak much English. When asked what he did for a living answered: ‘ ‘ Adam Street. ’ ’ When asked what he did for a living, to make money, he said he did not know. Resort was then had to an interpreter. He had been keeping a fruit stand corner of Adam and Elm for three years; two men had run away from his shop, one with oranges and the other with candy; he started after them; in the middle of the street he met Christmas coming towards *447 him; he did not know him before; Christmas was cursing the two boys because they appeared to be afraid of him, meaning Salvatore. Christmas then grabbed him by the neck with both hands until the two other men who had robbed him came up and started punching him, all three on top of him; all that he did was to shout for his boy; his son came and asked 'Christmas why he did not let his father go; then he did not see anything more; he was too excited to see any more, he had no club or stick in his hand; he did not hit Christmas with a stick, he does not know who knocked Christmas’ teeth out; he did not; his son did not strike Christmas; he did not see anyone do it; he did not strike Christmas on the arm; he did not do anything because Christmas was choking him all the time; the only men who were present with Christmas was the two men who robbed him; there was no colored man standing on the corner nor any woman; he is 63 years old; he has never been in trouble before; he exhibits a document which he says is his passport from Mayor Behrman.
Oscar Lofaso swears that he did not see Christmas until he separated him from his father; he was in the house near the fire with his sister; he heard his father holloa and ran out, and saw Christmas had his father by the neck; he thought he would help; he tried to pull his father away and when he saw he could not he struck Christmas in the face; he struck him and just pushed him away; he does not know whether he knocked him down; he did not see him fall; and does not know whether he fell or not; in the rush there was a whole lot of people.came out and he did not see him fall;.he did not see the two men his father was talking about who had robbed him; when he came out, there was nobody but Christmas and his father; he did not see Williams; he is 26 years of age; *448 lie never saw any one strike Christmas on the arm or on the head, he had no stick.
Angelina Lofaso, the daughter of Salvatore Lofaso, was sitting in the house with her brother when they heard their father halloaing; her brother put on his shoes and rushed out; she did not follow her brother; she did not see a thing of the fight; she could see out in the street from the shop; when her father came back with her brother he was suffocated almost to death; he could not catch his breath, and she had to use hot water on him; she sees Christmas almost every Sunday going to Church.
In this conflict of testimony the rule of law is that the judgment of the trial Judge who saw and heard the witnesses must.be maintained unless it is manifestly erroneous. 115 La., 553.
The burden is upon the appellants to show this error. We do not think that they have done so in this case. On the contrary we have come to the conclusion that the trial Judge has made a correct- appreciation of the testimony.
We could not reverse his judgment without refusing to believe the testimony of plaintiff and of his main witness Williams. There is no reason why we should do so. It is consistent and not contradictory. The plantiff is a mechanic, an officer of the church, and a constant attendant of it, and over 70 years of age. We cannot believe the testimony of interested witnesses that merely for the purpose of screening two mischievous boys from the pursuit of a man who had a grievance against them, that he would have uttered oaths and seized the man by the throat and attempted to choke him without necessity. Neither can we disregard William’s testimony. He had no interest in the case and knew neither the plaintiff nor the defendants. We cannot presume that, he com *449 mitted perjury, merely out of sympathy for a colored brother.
The judgment of the Recorder is no help to the defense. It must not be forgotten that 'Christmas was charged by the defendants with being the aggressor. If the Recorder had found that to be a fact, he would have fined Christmas; his dismissal of the charge inclines us to believe that he did not find him guilty.
On the other hand the testimony of the defendants disclose reticence and contradictions. Salvatore says that the two boys he had chased away assisted Christmas in his assault; his son says he did not see them or any body else; he says also that his son did not strike Christmas, while his son admits that he did. Oscar admits striking Christmas once only; he would not tell whether his blow knocked him down, or whether he fell; he did not strike Christmas on the arm; yet the fact is there that the arm of Christmas was injured.
Angelina did not see any of the trouble. Tet she heard her father scream for help, and she saw her brother rush to his rescue. She could see in the street, yet she did not follow her brother. The same impulse that actuated her brother must have moved her. It was not natural that she should not have followed her brother and not seen what was the cause of her father’s distress. Common curiosity would' have actuated her evén in case her father had not been concerned.
The rule of law is also that the amount of damages is left largely to the discretion of the Judge and that his finding will not be disturbed unless it is clearly insufficient and excessive. 115 La., 558; 37 A., 219.
The sum of $300 is not excessive compensation for physical and moral pain, inability to work, and loss of two front teeth. In our researches we have found only *450 one case in which only $350 was allowed. In all the others the amount of judgment was $500 stud more. 124 La., 595; 122 La., 709; 118 La., 132; 37 A., 21,9; 34 A., 1107; 49 A., 244; 46 A., 36; 40 A., 417; 36 A., 320; 51 A., 303; 26 A., 313; 11 A., 645.
Opinion and decree, May 29th, 1916.
Rehearing refused, July 12th, 1916.
Judgment affirmed.