Statement.
MONROE, J.
Plaintiff alleges that defendant, by whom he was employed (in the business of making cisterns), reproved him for wasting time; that he and a companion told defendant that, if he was not satisfied, they would quit, and, after some further conversation, demanded the wages due them; that defendant tendered petitioner $6.80, docking-him 20 cents, “without any cause”; that petitioner said to him, “If you don’t pay me $7, I’ll think you rob me”; and that defendant thereupon struck him with a jack plane and knocked him senseless, in which condition he-was taken to his house, covered with blood, so frightening his wife that, some nine days-later, she suffered a miscarriage. He further alleges that the, blow inflicted a painful wound, that he was under treatment for 10* days, or more, and that his eye was still red, and would be so for some weeks; that he charged defendant with assault and battery and that defendant was convicted and sentenced ;- and that, as a result of said blow, -and by reason of the effect on liis wife, he has suffered great bodily and mental pain and agony, which entitle him to actual damages in the sum of $4,000; and that defendant should be further condemned to pay exemplary damages in the sum of $3,00Q,
Defendant answers that plaintiff and others had been sent to do certain work, and, having idled and wasted their time, were reproved on their return; that plaintiff retorted by the use of vile and abusive epithets, and that he and others, having conspired to injure defendant by causing a strike in his shop, as *1110 sumed a menacing attitude; that, being unable to provoke a difficulty, they quit work and demanded their pay; and that, after they had been paid, plaintiff again sought to bring on a quarrel and called respondent a robber, and assumed “a menacing and threatening attitude,” and in the belief of respondent was about to assault, and was in the act of assaulting him, when respondent, in self-defense, struck him a blow. The case was tried by a jury, who found for the defendant, and plaintiff has appealed.
The facts, as established by the evidence, are that on Thursday, June 1,1905, defendant sent three of his workmen, Massett, Kussell, and Keller (with Massett as foreman) to put up a cistern, a job which they finished' about, or a little after, 11 o’clock. Instead of then returning to the shop, where there was work waiting for them, they went to Mas-sett’s residence, some six or eight squares out of the way, the reason given being that Mas-sett wished to change his shoes (a function which might well have been postponed to the dinner hour), and they there sent for and drank some beer, after which, at about 20 minutes to 12, they reported at the shop. The defendant, in the meanwhile, had been to the place where they had been at work and had found that, having finished the job, they had left there, and he expected to find them at the shop on his return, and, not so finding them, naturally and correctly concluded that they were “loafing.” When, therefore, some time later, they came in, he inquired where they had been, to which one of them replied that they had been “putting up that cistern.” Defendant remarked that he had been at the place about 11 o’clock and had not found them, and to this plaintiff said (in substance, and using some profane language) either that defendant was a liar, or that the person who had told him that they had left there at 11 o’clock was a liar, there being some difference between them as to exactly what was said; but it is sufficiently apparent that both the language and the manner of the plaintiff were insulting.
The parties then went to dinner, and, shortly after the dinner hour, when work had been resumed in the shop, plaintiff and his two-companions again put in an appearance, and plaintiff (by prearrangement, speaking for the others, who had agreed to stand by him) asked defendant whether he should go to work, to which defendant replied, “Certainly; go to work.” Plaintiff, instead of going to work, said it looked as if the work did not suit the defendant, to which the latter replied that the-work was all right, .but that they stayed out too long. Plaintiff then said that he and his companions would quit, and that they wanted their money, to which defendant replied that they could quit, but that they could not get. their money until pay day, which was Saturday. Plaintiff, however, insisted, and defendant testifies that he said:
“I want my money, right now, or there will-he hell right now.”
Defendant went out and obtained the money, and, returning, placed it before the three-men, less 20 cents which he retained from, or “docked,” each of them for lost time. The other two men accepted the amounts thus tendered them, but the plaintiff said it was not his money, and that defendant, in deducting the 20 cents, was a robber, or words t-o that effect. Defendant says that he told-plaintiff not to repeat that remark, but that plaintiff reiterated:
“You are nothing but a highway robber.”
And he further says:
“From his position, the way he stood there, when he called me a highway robber, the second time, and he shut his fist, I thought he-would strike me, and I couldn’t see any other of the men around me. They seemed all to-desert the shop. These three stood there to make trouble with me, and, of course, I had to-do something to defend myself.”
The defendant, accordingly, struck the plaintiff and knocked him down. He says he struck with his fist, plaintiff and his witnesses say with a jack plane which was lying: *1112 near, and there is some doubt about that, as the evidence is conclusive to the effect that, though plaintiff was struck over the eye, the ;skin was not broken, and it seems improbable that a blow with a jack plane should not have broken the skin. However that may be, plaintiff was assisted to his feet and walked out of the shop; he and his companions going to a barroom, where they drank more beer, and, after stopping once or twice en route, to ■defendant’s residence, where he laid himself ■down on the floor and was there found by his wife when she returned later in the afternoon. His eye, by that time, was swollen, but the evidence does not justify the belief that there was any blood on his person. He was up as usual the next morning, and, within a few days, went to defendant’s shop and bought a piece of board, which, with defendant’s permission, he dressed with a plane. Plaintiff’s wife sustained a miscarriage some days after the affair thus narrated; but it is by no means proved that the shock resulting from her finding him as stated was the cause ■of it, and, if that was the cause, the plaintiff was at fault, as we can discover no reason why he should have been found lying on the floor, or why he should not have had his eye attended to at once, instead of waiting, as he ■did, until 7 or 8 o’clock in the evening to call on a physician.
Opinion.
It is evident from the foregoing statement, that the plaintiff began by wasting not only the time for which he was paid, but the time for which the two men who were placed under him were paid, and that, when he was called to account for it, in a manner to which there was no reasonable ground for objection, he answered by insulting his employer, in the presence of his workmen, and that thereafter, when, in reply to his inquiry as to whether he should go to work, he was told, without further comment, to do so, he persisted in his attitude of unreason, and (having prearranged with the other men that they should follow his lead) announced that they would quit, and demanded that the wages, to which he was not then entitled should be paid, at once; and, finally, that point being conceded, that he charged his employer, in the presence of the other workmen, with being a robber because, forsooth, he (the employer) declined to pay him for time that had been consumed by him in drinking beer at his own house. He was therefore the offender and aggressor, from beginning to end, and his case falls within the doctrine that he who is in fault, and sues for damages resulting therefrom, cannot recover for the injuries inflicted on him, although the perpetrator was not justified in law in his conduct. Bankston et al. v. Polks, 38 La. Ann. 267; Vernon v. Bankston, 28 La. Ann. 710; Miller v. Meche, 111 La. 143, 35 South. 491; Johns v. Brinker, 30 La. Ann. 241.
Judgment affirmed.