LAND, J.
This is a suit for damages for assault and battery on the minor son of the plaintiff, who at the time was nearly of age. The company successfully defended on the ground that the alleged offense was beyond the scope of the employment of Wm. H. Kerr, as vice president and acting president at the time. Wm. H. Kerr in his answer admitted the infliction of one blow on the plaintiff's son on the occasion of the latter’s discharge from the service of the company, and assigned as provocation his refusal to leave the premises as requested, and his persistent demand, urged in an insolent and offensive manner, to be informed of the reasons of his discharge.
There was judgment by the court for $250 damages in favor of the plaintiff, for the use and benefit of his son, against William H. Kerr, individually; and there was judgment in favor of the defendant company. Wm. H. Kerr appealed.
The assault and battery is admitted, and the first question in the case is as to the sufficiency of the alleged provocation to bar recovery by the plaintiff. According to the testimony of the defendant himself, Monte-gut Bonneval, the son, on the occasion of his discharge, asked for a letter of recommendation, and, after defendant had refused the request in angry and abusive language, said:
“I will be back on Monday, and you will have to give it to me.”
Thereupon defendant struck Montegut in the face.
Counsel for defendant invokes the principle of law that:
“A plaintiff, suing for damages for personal assault, who is himself in fault, cannot recover for injuries so inflicted' although the defendant *60 was not justified in law under the circumstances” — citing, Massett v. Keff, 116 La. 1107, 41 South. 330; Mary Johns v. Brinker, 30 La. Ann. 241; Vernon v. Bankston, 28 La. Ann. 710; Bankston v. Folks, 38 La. Ann. 267.
In all of these cases the plaintiffs used insulting language towards the defendants. In the last three assaults also were actually committed. In the Massett Case, the plaintiff, an employé, repeatedly called the defendant a “highway robber,” and assumed a threatening attitude toward him.
In the instant case the language used by the employé was not insulting or abusive, and was provoked by the intemperate language of the defendant.
We are not prepared to say that the allowance of damages is excessive. Besides physical pain and suffering, an indignity was inflicted on plaintiff’s son, which must be considered. See Carrick v. Joachim, 126 La. 5, 52 South. 173.
Judgment affirmed.