(90 South. 662)

No. 23292.

### FONTENELLE v. WAGUESPACK.

(Jan. 2, 1922.   Rehearing Denied Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Assault and battery ⬤⟋12—Plaintiff cannot recover damages if he was in fault.**

If plaintiff was in fault in assaulting defendant, he could not recover for injuries inflicted on him, although the defendant was not

justified in law in his conduct, and the same rule applies to defendant as to a reconventional demand, and it is not necessary for him to prove that he acted in self-defense to recover damages in reconvention from plaintiff.

**2. Appeal and error ⬦1068(3)—Erroneous instruction held not prejudicial where judgment demanded.**

In action for assault and battery, erroneous instructions as to self-defense and burden of proof *held* not prejudicial, in view of preponderance of the evidence in favor of the judgment for plaintiff.

**3. Assault and battery ⬦40—$500 not excessive for mental anguish, humiliation, and shame.**

It cannot be said that a verdict for $500 for mental anguish, sufferings, humiliation, and shame for an assault and battery committed by defendant was excessive.

**4. Assault and battery ⬦38—Damages allowed for indignity and humiliation.**

Damages may be allowed in assault and battery cases, not only for physical pain and suffering, but also for indignity and humiliation.

**5. Assault and battery ⬦37—Larger damages warranted for unprovoked assault.**

If one committed an assault and battery without provocation, he is liable for larger damages than if he had been provoked.

**6. Assault and battery ⬦40—$900 not excessive for loss of three teeth.**

$900 was not an excessive allowance to one assaulted without provocation, where he lost three teeth, the only natural teeth that he had.

**7. Assault and battery ⬦40—Allowance of $300 properly made for inability to masticate food for month.**

It was not improper to allow one assaulted without provocation $300 as damages for his inability to masticate his food for one month because of the absence of his teeth, and the bruised condition of his mouth, such damage flowing naturally from the assault made upon plaintiff by being kicked in the mouth while plaintiff, already severely beaten about the face, was attempting to rise from the ground.

**8. Appeal and error ⬦1005(1)—Approved verdict given weight on appeal.**

Decision of fact by jury who saw and heard witnesses is always given weight on appeal, especially when it has been approved by the trial judge.

Appeal from Twentieth Judicial District Court, Parish of Lafourche; H. M. Wallis, Jr., Judge.

Action by Harris Fontenelle against Clemille Waguespack. Judgment for plaintiff, and defendant appeals. Affirmed.

J. A. O. Coignet and Caillouet & Caillouet, all of Thibodaux, for appellant.

Howell, Wortham & Howell, of Thibodaux, for appellee.

LAND, J. Plaintiff has instituted this suit to recover damages against defendant in the sum of $3,293.23 for an aggravated assault and battery. This case was tried by jury, and a verdict for the sum of $1,763.25 was returned in favor of plaintiff.

Plaintiff alleges that the defendant was the aggressor; that he struck the first blow; that he knocked plaintiff down and pounded him mercilessly while on his back on the ground; and that, after defendant left him, plaintiff tried to get up, and then defendant returned and kicked him in the mouth, breaking his set of false teeth, and loosening an eyetooth, the main support for the plate of false teeth, and that, he was compelled to have this tooth extracted and the remaining eyetooth and a molar, in order to have a new plate of false teeth fitted in his mouth, and that these three teeth were all of the natural teeth that he had left prior to the assault. Plaintiff alleges that his nose was mashed in the encounter, and continued to bleed for several days, and had to be cauterized with electricity before the flow of blood was stanched; that his mouth was badly bruised; that one eye was wholly closed, and the blood flowing into the other; and that he remained in bed on account of the injuries inflicted for three or four days. Plaintiff claims damages for physical suffering and pain, for mental anguish and sufferings, humiliation and shame, for loss of teeth, dentist and doctor's bills, etc.

Defendant in his answer charges that plaintiff provoked the difficulty by calling defendant a liar, and struck two vicious blows at him, scratching defendant's face; that defendant was assaulted on his own premises by plaintiff, without any cause or justification whatever, and was compelled to defend himself to prevent plaintiff from doing defendant serious bodily harm, and that plaintiff is known as a quarrelsome, quick-tempered, fighting, treacherous, and dangerous man.

Defendant claims in reconvention judgment against plaintiff in the sum of $1,000.00 .as follows: (1) For injury to respondent's feelings and mental suffering and humiliation for being wantonly and maliciously called and denounced as a liar, without cause or justification, the sum of $300; (2) for violent, wanton, malicious, and unprovoked assault made by plaintiff upon respondent on his own premises, the sum of $300; (3) for punitory and exemplary damages, the sum of $400.

Defendant objected to the following instructions given by the trial judge to the jury in the course of his general charge, to wit:

"Under the answer of defendant, the moment the plaintiff has proven an assault and battery, then it devolves upon defendant to prove by a preponderance of the evidence that he acted in self-defense. Any assault and battery, as I have defined, is sufficient to throw the burden of justification upon the defendant, and it is not necessary to prove it as charged in the petition; that is, wantonly and maliciously to have been committed. Self-defense is an affirmative defense, and the burden of proving it is on the defendant. If you find, therefore, from the evidence that the defendant did assault and beat plaintiff, and that he was not justified in doing so in self-defense, then you are to find a verdict for plaintiff for such amount as you may find he has suffered from acts of defendant."

The defendant's counsel objected to this portion of the charge as erroneous and prejudicial, as it placed on defendant a greater burden of proof than he was bound by law to carry.

Defendant also objected to the following special charge, made at the request of plaintiff and given to the jury by the trial judge:

"Where a defendant pleads self-defense in justification of an assault upon plaintiff, he necessarily admits that he committed an assault and battery upon plaintiff, and the jury are bound to find a verdict for some damages against the defendant, the amount of damages depending upon all the evidence submitted to the jury, and defendant can only be relieved from such damage by proving to .the satisfaction of the jury that he used only such force as he reasonably believed necessary to defend himself against the assault of plaintiff."

[1] The instructions objected to are broader than they should have been. If plaintiff was in fault in making an assault and battery upon defendant, he could not recover for the injuries inflicted on him, although the defendant was not justified in law in his conduct. The same rule applies to defendant as to his reconventional demand. It is not necessary for defendant to prove that he acted in self-defense in order to recover damages in reconvention from plaintiff. Unless the defendant provoked the difficulty by insults, abuse, threats, or other conduct, he would be entitled to recover, if plaintiff, without legal excuse, committed an assault and battery upon him. Either plaintiff or defendant, in order to recover, would have to prove that he was without fault in provoking the difficulty. The plea of self-defense may admit that the defendant committed an assault and battery on plaintiff, but it is clear that plaintiff could not recover, by virtue of such admission, if he was in fault in bringing on the difficulty, as alleged by defendant in his answer. Massett v. Keff, 116 La. 1107, 41 South. 330; Miller v. Meche, 111 La. 143, 35 South. 491; Bankston v. Folks, 38 La. Ann. 267; Johns v. Brinker, 30 La. Ann. 241; Vernon v. Bankston, 28 La. Ann. 710; Bon-

neval v. American Coffee Co., 127 La. 57, 53 South. 426.

[2] While these instructions are erroneous, yet in face of the preponderance of evidence in favor of the plaintiff that the defendant assaulted and beat him without justification or excuse, and in view of the fact that defendant is the only witness who testified that plaintiff was at fault in bringing on the difficulty, and that plaintiff made the first assault, we do not believe that the jury was misled by these instructions, or that defendant suffered any injury from same, as the jury evidently did not believe defendant's uncorroborated testimony. The trial judge reached the same conclusion, as shown by the per curiam of the bills of exception reserved in this case.

[3] The jury allowed plaintiff the sum of $1,763.25 for damages. Five hundred dollars of this sum is given for mental anguish and sufferings, humiliation and shame, for the assault and battery committed by defendant on plaintiff. In cases of assaults by private persons where appreciable injury has been shown, this court has not infrequently allowed as much as $500. Turnbow v. Wimberly, 106 La. 259, 30 South. 747,; Chauvin v. Caldwell, 122 La. 709, 48 South. 159; Harvey v. Harvey, 124 La. 596, 50 South. 592; Stoehr v. Payne, 132 La. 213, 61 South. 206, 44 L. R. A. (N. S.) 604.

[4] Damages may be allowed in these cases, not only for physical pain and suffering, but for indignity and humiliation. Carrick v. Joachim, 126 La. 5, 52 South. 173, 28 L. R. A. (N. S.) 85; Bonneval v. American Coffee Co., 127 La. 57, 53 South. 426.

[5] If one commits an assault and battery without provocation, he is liable for larger damages than if he had been provoked. State v. Brown, 111 La. 170, 35 South. 501.

[6] The jury also gave plaintiff damages in the sum of $900 for the three teeth that he lost as the result of the assault. When it is

150 La.—11

remembered that these were all of the natural teeth that plaintiff had left, we do not think that the sum awarded for their loss is excessive.

[7] The sum of $300 was also allowed plaintiff as damages for his inability to masticate his food for one month, because of the absence of his teeth and the bruised condition of his mouth. This is a damage that followed necessarily and naturally from the nature of the brutal assault made upon plaintiff by defendant's kicking him in the mouth, while the plaintiff, already severely beaten about the face, was attempting to rise from the ground.

The remainder of the sum of $1,763.25 consists of sums paid for dental and doctor's bills, a new set of false teeth, and necessary expenses in going to and returning from town in connection with treatment.

The testimony in this case shows that plaintiff was suddenly attacked by defendant; that plaintiff was knocked down; that his nose was mashed, and bled for several days, and that the bleeding was stopped only by electric cauterization; that both of his eyes were blackened and closed; that the kick he received in the mouth shattered a set of false teeth, loosened an eyetooth to such an extent that it had to be extracted, and, as this eyetooth was the main support for the plate of false teeth, the remaining eyetooth and molar had to be extracted, so as to fit in the mouth a new plate; that the mouth was bruised and sore for several weeks; that plaintiff was compelled to remain in bed for three or four days after he was assaulted and beaten by defendant.

The trial judge in his opinion refusing the motion for a new trial states that the verdict of the jury was clearly justified by the evidence; that the evidence showed by a fair preponderance that the assault and battery committed by the defendant upon the plaintiff was wanton and brutal and without the

least justification or excuse, and that the verdict of the jury did not appear to be manifestly excessive.

[8] The testimony in this case was conflicting, but sufficient on plaintiff's part to authorize a recovery. The jury saw and heard the witnesses, and the case hinged on their credibility. To the decision of that body, as relates to mere facts, weight is always given, especially when their finding is approved by the trial judge, as in the present case. The verdict of the jury, therefore, should not be disturbed, as it is not manifestly excessive. Munday v. Landry, 51 La. Ann. 303, 25 South. 66; Parriconi v. Greco, 115 La. 558, 39 South. 599.

The defendant, Clemille L. Waguespack, departed this life on November 6, 1918, since the filing of this case in the Supreme Court, and, on motion of his attorneys, suggesting his death and alleging that his succession had been duly opened in the Twentieth judicial district court, parish of Lafourche, and that by judgment of said court rendered on the 10th day of January, 1919, Mrs. Louise Guidroz, widow of the said Clemille L. Waguespack, was duly named and appointed as natural tutrix of the minors, Cecile, Ida, May, Mildred, and Clemille Lawrence Waguespack, issue of the marriage between the said Clemille L. Waguespack and the said Mrs. Louise Guidroz, his surviving widow, with power of administration, and further alleging that it is necessary that the said Mrs. Louise Guidroz, widow as aforesaid of the late Clemille L. Waguespack, be made a party to these proceedings in this court in her representative capacity as aforesaid, as well as partner in the community of acquêts and gains heretofore existing between her and her said husband, in order that she may be enabled to prosecute this appeal and to stand in judgment, said motion was granted by this court, and the said Mrs. Louise Guidroz, widow of Clemille L. Waguespack, in her capacity of natural tutrix of said minors

and as well as partner in the community of acquêts and gains heretofore existing between her and her deceased husband, was made a party defendant and appellant in this suit, and she was authorized to prosecute the appeal herein taken in the same manner as the said Clemille L. Waguespack might have done were he personally present and living.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, and that there be judgment in favor of the plaintiff, Harold Fontenelle, and against the succession of Clemille Waguespack, herein represented by Mrs. Louise Guidroz, administratrix, in the full sum of $1,763.25, with legal interest from judicial demand until paid and costs.