No. 2914

Second Circuit

---

LIDE v. PARKER

---

(June 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Assault and Battery —Par. 4, 9.
One who is the aggressor and at fault in bringing on a difficulty in which he is injured cannot recover damages for such injuries even though the person who injures him was not justified in law in his conduct.

2. Louisiana Digest—Assault and Battery —Par. 4, 9.
A wife cannot recover in an action for damages for the killing of her husband by another when it is shown that the deceased by his acts and conduct provoked the encounter which resulted in his death.

3. Louisiana Digest—Assault and Battery —Par. 8; Evidence—Par. 72, 352.
In a suit by the wife for damages for the killing of her husband, evidence that the defendant had been prosecuted and convicted of manslaughter was admissible, not as conclusive of plaintiff's right of recovery, but as proper to be considered by the jury along with other testimony in determining the issue before them.

Appealed from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Mrs. Anna T. Lide against Robert L. Parker.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Long and McSween, of Shreveport, attorneys for plaintiff, appellant.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellee.

ODOM, J. Plaintiff brings this suit to recover of defendant damages in the sum of $30,000.00, and, as a cause of action, she alleges that she is the surviving spouse of David M. Lide, deceased; that on April 7, 1925, the defendant Robert L. Parker wilfully, maliciously and deliberately struck the deceased on or about the head, thereby causing him to fall and

strike his head against a concrete floor, resulting in injuries from which he died the same day; and that defendant struck deceased without any reasonable or probable cause, deliberately and with intent of doing bodily harm to deceased.

Defendant, in answer, admitted that he struck deceased, but alleged that he struck him a very light blow, not sufficient to do bodily harm or damage; that deceased fell and that as a result of the fall deceased received injuries from which he died; and he further alleged that deceased provoked and brought on the situation which caused him to strike him by insulting and abusing him in the presence of his wife and in his place of business, and in assuming a threatening attitude; that deceased attempted to strike him and that he struck deceased for the purpose of defending himself and to ward off a blow on the stomach which deceased was about to inflict with a sample case which he then had in his hand; and that he would not have struck deceased except in defense of himself.

The case was tried before a jury. The jury rejected plaintiff's demands. The judge of the District Court approved the verdict, refused to grant a new trial, and plaintiff appealed.

## OPINION

There is no dispute as to the law involved in a case of this kind. The District Judge gave the following charge to the jury to which counsel for plaintiff made no objection:

"If from the evidence you find that David M. Lide was the offender and aggressor and brought on the difficulty in which he met his death, his surviving widow cannot recover from this defendant in damages although the defendant, Parker, was not justified in law in striking Lide."

Citing the cases of—

Bankston vs. Folks, 38 La. Ann. 267.

Miller vs. Meche, 111 La. 143, 35 South 491.

Massett vs. Keff, 116 La. 1107, 41 South 330.

In addition to the above citations, we refer to a much later case, that of Fontenelle vs. Waguespack, 150 La. 316, 90 South 662, where the court announced and applied the same rule, and, in addition to the above cited cases, cited—

Johns vs. Brinker, 30 La. Ann. 241.

Vernon v. Bankston, 28 La. Ann. 710.

Bonneval vs. American Coffee Co. 127 La. 57, 53 South. 426.

Counsel for plaintiff, in brief, says:

"We do not dispute that, had the deceased lost his life in mutual combat, or in an altercation for which he was responsible in law, that his widow could not recover."

The fatal encounter took place in defendant's place of business.

There being but little, if any, dispute as to the facts, counsel argue that the jury misinterpreted and misapplied the facts.

It may be here remarked that following the death of Mr. Lide, Parker was indicted for and tried and convicted of manslaughter and sentenced to serve six months in the state penitentiary. But that fact is not conclusive on the point as to whether defendant is liable in civil damages.

Miller vs. Meche, 111 La. 143, 35 South. 491.

There were only two witnesses, the defendant and his wife, to the unfortunate

and tragic affair which brought on this litigation.

The defendant testified, and his testimony is corroborated by that of his wife, that during the morning of the day on which the difficulty arose he was out of his jewelry store making collections; that when he returned Mr. Lide was sitting in his office waiting for him; that he and Mr. Lide shook hands and passed the usual greetings; that Mr. Lide took orders for shirts, and was there by appointment to sell defendant shirts.

Defendant says that when he walked into the office he was very tired and hot and did not want to talk about the shirts at that time and that he reminded Mr. Lide that his engagement was for the afternoon and not for the morning and asked Lide to return in the afternoon when he would talk with him, whereupon Mr. Lide became somewhat irritated and stated that the engagement was for the morning and that if Parker did not order the shirts then he would have to order them from the factory; whereupon, Parker says, he told Lide that he could not stop at that time to talk about the shirts, that Lide seemed to be very much irritated and told him, Parker, that he would not return and that if Parker wanted the shirts he would have to order them from the factory, whereupon he told Lide that he did not have to purchase the shirts and that Lide retorted that he did not have to have the business.

Parker says he then asked Lide to leave the store; that there were at the time some customers in the front of the store and that he waited on them and went back to where Lide was; that Lide then informed him that he would not leave the store; that he then asked Lide again to leave and told him that he did not want any trouble, whereupon Lide told him that he would not leave and, furthermore, that he, Parker, could not put him out.

Parker says that he renewed his request that Lide leave his place of business as he wanted no trouble and that Lide reiterated his statement that he could not be put out, whereupon the deceased drew back his sample case, which was a small leather folder in which deceased carried his samples, and made a motion to strike or gouge him in the stomach, and that when deceased made that move he struck deceased a light blow on or about the chin with the back of his left hand; that his sole purpose in doing so was to protect himself from the blow which he thought he was about to receive on his stomach, and that he used no more force than was necessary to protect himself.

He says that the blow was not sufficient to knock the deceased down, but that deceased did fall, but that he did not fall as if he were knocked down; defendant's idea being that, due to the deceased's nervous and excited condition, the blow caused him to faint and fall down.

It is not contended by plaintiff that the blow inflicted by defendant killed deceased, it being conceded that the injury from which he died resulted from his striking his head on the concrete floor when he fell.

Doctor Jasper K. Smith and Doctor George S. Sexton, two ministers of the Gospel, testified that on the day following they observed a discolored spot on the side of deceased's forehead, which, counsel contend, resulted from a blow inflicted by the defendant; but there is nothing to show that the spot observed by the ministers resulted from a blow.

One of the ministers said it looked as though the blood had coagulated under the skin. There was no abrasion.

If the deceased had received a wound there, the physician who attended him immediately after the occurrence and the undertaker who prepared the body for burial, would have been the best witnesses to that fact. The physician was called but was not questioned on that point, and the undertaker did not testify, which indicates that plaintiff could not have made the proof by them.

The testimony shows that deceased was sixty-seven years old, in poor health, frail and delicate, whereas the defendant is a younger, much heavier, and stronger man.

The question whether defendant was justified in doing what he did is not the point. The question is whether the deceased, by his conduct, brought on the encounter which resulted in his death.

The deceased unquestionably provoked the difficulty. There is absolutely nothing to indicate that defendant bore the slightest ill will or malice toward the deceased. He greeted deceased in his store cordially, the two shaking hands. According to the testimony of defendant and his wife, and that is all there is in the record, defendant was not irritated or angered by deceased's conduct. He asked deceased to leave the store, but did not threaten or attempt to put him out, but spoke to him courteously. Deceased became angered, refused to leave and told defendant he could not be put out. Defendant made no hostile move until deceased attempted to assault him. When defendant saw that deceased had been injured, he and his wife used such means as they had at hand to alleviate his suffering. Defendant hurriedly telephoned a sanitarium and failing to get a ready response he telephoned an-

other, and still another, finally getting an ambulance. He later went to the sanitarium to inquire concerning deceased's condition. His conduct in this respect does not indicate that he bore any malice toward the deceased.

The testimony does not warrant the holding that defendant knocked or intended to knock deceased down. On the contrary, he struck him a slight blow, which, due to the deceased's nervous condition, caused him to lose his balance and fall.

Our view of the case is that deceased, by his conduct and especially his attempted assault upon defendant, provoked the difficulty which resulted in his death, and that, under the law, his widow cannot recover.

In view of the specific charge which the district judge gave the jurors, it is clear from the verdict that they construed the facts as we have.

The verdict of the jury and the judgment of the court based thereon are affirmed, with costs.