ODOM, J.
 

 Alleging that while in the establishment of the H. Weil Baking Company he was assaulted and slandered by Carl Goldenberg, president and general manager, plaintiff prosecutes the present suit against the company and said Goldenberg in solido for damages in the sum of $7,000 for personal injuries resulting from the assault and $3,000 for the slander.
 

 For answer, defendants denied each and •every pertinent allegation in plaintiff’s petition. There was judgment against defendants for $750 damages resulting from the assault; nothing being allowed for the alleged slander. Defendants appealed, and plaintiff answei’ed the appeal, praying that the amount be increased to $2,000, and that he ' be allowed $500 for the slander.
 

 1. Plaintiff was at one time an employee of the defendant company as engineer, and while so employed received an injury to one of his eyes which disabled him for a while. He was paid compensation by the insurer of the company. After his disabilities had ceased, plaintiff was again employed by the defendant and worked for a while and was finally discharged.
 

 He was discharged on Saturday, and that day removed from defendant’s place of business a box of tools belonging to him, but left a soldering iron and a screwdriver. On the following Monday he went back to get the tools which he had left. He went into the boiler room, where he found his tools and repossessed them. While there engaged in conversation with a man named Bienvenue, Carl Goldenberg, president and general manager of the c.oncern, who seems to have been ignorant of plaintiff’s presence there, walked in, asked plaintiff what he was doing there. This seems to have thrown plaintiff into a fit of anger, and he then proceeded to curse and abuse Goldenberg, using toward him vile, opprobrious, and insulting epithets. Goldenberg became enraged, seized Oakes by the nape of the neck, carried him out through the bakery to the loading platform, and kicked him off.
 

 Oakes did not assault or attempt to assault Goldenberg at any time, and offered no resistance while being ejected from the premises, nor was he injured as a result of the physical force used by Goldenberg in carrying him out. His personal injuries resulted from being kicked after reaching the outer platform. It was Goldenberg’s “parting kick” which injured him.
 

 2. The doctrine is well established in this state that one who provokes a difficulty with another cannot recover damages for injuries inflicted upon him as a result thereof, even though the conduct of the one who inflicts the injuries was not justified in law. Lide v. Parker, 6 La. App. 648; Vernon v. Bankston, 28 La. Ann. 710; Johns v. Brinker, 30 La. Ann. 241; Bankston v. Folks, 38 La. Ann. 267; Miller v. Meche, 111 La. 143, 35 So. 491; Massett v. Keff, 116 La. 1107, 41 So. 330; Bonneval v. American Coffee Co., 127 La. 57, 53 So. 426; Fontenelle v. Waguespack, 150 La. 316, 90 So. 662.
 

 
 *773
 
 Counsel for defendants say that plaintiff brought on the difficulty by cursing and grossly insulting Goldenberg, and they invoke the above-stated general rule in defense of their clients.
 

 The trial judge expressed the view in his written opinion that plaintiff provoked Goldenberg beyond endurance by cursing and abusing him as he did, and further that the rage and outbursts of plaintiff were wholly without warrant.
 

 . While we think the conduct of plaintiff in cursing and insulting Goldenberg was inexcusable, yet we are persuaded that Golden-berg himself was not wholly without blame. Plaintiff went into the boiler room to get his tools, and, while there talking to Bienvenue, Goldenberg walked in and said to him, “What are you doing here?” Golden-berg should have known, and doubtless did know, that plaintiff was not in a very placid mood, having been discharged by him only the Saturday before after some controversy. It was Goldenberg who raised the conversation, and his manner of address was such as to stir up wrath. Conceding that Goldenberg had the right to know why plaintiff was back there after having been discharged, we think he might have found out without using such blunt and challenging language.
 

 But, if it be conceded that plaintiff was at fault, and that Goldenberg had ample provocation for physically ejecting him from the premises, the final assault, the “parting kick,” which was inflicted out on the platform, after plaintiff had been put out of the building, was not necessary and wholly unjustified.
 

 Under no theory can it be said that defendant was warranted in using any greater force than was necessary in ejecting plaintiff from the premises. Defendant is heavier and a more powerful man than plaintiff, and, when he seized him to put him out, plaintiff did not fight back, offered no resistance whatever. If the injuries of which plaintiff complains had been inflicted during the process of ejection, the rule invoked by defendants might, perhaps, have application.
 

 But they were not., Plaintiff’s injuries' resulted from the assault which Goldenberg made upon him after he was ejected and after the necessity for physical force (if ever any was necessary or justified) had ceased. ,
 

 We approve the holding of the district judge that defendants are liable.
 

 3. Plaintiff says the amount allowed him is inadequate. Defendants say it was excessive. Cases are cited in support of the respective views. Precedents may be found in the books for fixing the quantum of damage for various kinds of injuries, but none for a ease like this which stands in a class by itself.
 

 Plaintiff was kicked on the rear parts. He alleged that the blow caused a rectal fissure, but he failed to prove it. tie did, how1 ever, sustain an injury to one of his testicles which produced a condition known as “hydrocele,” and the testimony shows that such in1 juries seldom, if ever, heal of themselves, and can be relieved only by an operation; which is not serious and not accompanied with danger.
 

 ■ He was considerably bruised, suffered' for some time, and had a physician once.
 

 
 *775
 
 We cannot say that the trial judge erred in fixing the quantum of damage.
 

 Plaintiff failed to prove any damage resulting from the alleged slander.
 

 The judgment is therefore affirmed.
 

 O’NIELL, C. J., absent.