## FINKELSTEIN et al. v. NAIHAUS et al.
## No. 14371.

Court of Appeal of Louisiana. Orleans.
Dec. 11, 1933.

A. Melville Wolfson and Geo. P. Nosacka, both of New Orleans, for appellants.

Daly & Hamlin, of New Orleans, for appellees.

HIGGINS, Judge.

Mr. and Mrs. Jacob Finkelstein brought this action against the defendants in solido to recover damages for personal injuries alleged to have been sustained by her and medical expenses incurred by him which are said to have resulted from an unprovoked assault and battery committed on Mardi Gras Day, February 9, 1932, about 10:30 A. M. in front of the premises 530 South Rampart street, this city.

The defendants answered denying that the fight took place in the manner described in the petition, averring that Mrs. Finkelstein was the aggressor, and that the defendants acted in self-defense.

There was judgment dismissing the suit, and plaintiffs have appealed.

The record shows that the plaintiffs conducted a retail dry-goods and clothing store at 530 South Rampart street. The defendant Carl Naihaus operated a similar business at 528 South Rampart street, adjoining the plaintiffs' store. The defendant Gabriel Zaidman is a brother-in-law of the codefendant Naihaus and is engaged in the same class of business at 540 South Rampart street.

On the day in question two colored men went into Zaidman's store for the purpose of purchasing a suit of clothes. Zaidman was unable to fit them satisfactorily, and suggested that he would take them to his brother-in-law's store, where they might be satisfied. As these three parties were passing in front of the place of business of the plaintiffs, one of the negroes looked into the show window and Mrs. Finkelstein asked him if he did not want to come in and make a purchase. Mr. Zaidman told her to "shut up." Mrs. Finkelstein replied that she did not have to shut up and cursed and abused Zaidman. He then brought the negroes into his brother-in-law's store. After the negroes departed and as Zaidman was passing in front of the Finkelstein store the fight ensued.

Plaintiff, her stepdaughter, and an old lady by the name of Mrs. Mollie Julius, testified that, when Mrs. Finkelstein spoke to the darkies about making a purchase, Zaidman cursed and reviled her, and that a few minutes thereafter he returned with Naihaus; that Zaidman, without saying anything, walked up in front of the plaintiff Mrs. Finkelstein and struck her in the chest, and that Naihaus kicked her in the back, and that then both started hitting her with their fists, knocking her into a post which rendered her unconscious.

Mrs. Shipman, sister-in-law of defendant Naihaus, John La Rocca, and S. W. Cross, employees of the defendants, and the two defendants, testified that, when Zaidman remonstrated with Mrs. Finkelstein for interfering with his customers, she called him vile names and spat in his face; that when he subsequently passed in front of her store she began to curse and abuse him, grabbing him by the collar from the rear and pummeling him over the head; that Zaidman worked his arms in piston like fashion struggling to free himself, and that they then fell against the edge of the show case and thence to the pavement; that Naihaus then came out of his store and Mrs. Finkelstein jumped up and, without any provocation, began to scratch his face; that, after a further struggle, the two finally evaded Mrs. Finkelstein and ran up the street.

Other witnesses, who came upon the scene after the fight, also testified, but the issue as to who was the aggressor primarily depends upon the testimony of the parties as above outlined.

Mrs. Julius testified in the criminal district court, where the defendants were charged with assault and battery, that Mrs. Finkelstein was bleeding profusely about the face as a result of the assault, but in the trial of this case she denied that she had seen any blood, and, when her attention was called to her testimony in the criminal case, she repudiated it. In the testimony given in the criminal court she corroborated Zaidman's story that Mrs. Finkelstein accosted one of his negro customers as he was passing her place, but in the civil court her memory lapsed on this score. Mrs. Finkelstein likewise stated in her testimony in the criminal court that Zaidman had the two negroes with him at the time she spoke to one of them, but in this case her memory is very faulty on the subject.

The trial judge in his reasons for judgment stated that the plaintiffs' evidence had failed to convince him of the justness and correctness of the plaintiffs' case, "although he did not believe all of the testimony of the witnesses for defendants."

The testimony of the plaintiffs' and the defendants' witnesses is hopelessly irreconcilable, and, due to the fact that the plaintiffs' witnesses contradicted their testimony given in the criminal court, we feel that the trial court was justified in saying that the

plaintiffs had failed to establish their case by a preponderance of the evidence.

■ We believe, as did our learned brother below, that Mrs. Finkelstein was the aggressor and, therefore, plaintiffs cannot recover, for the law is clear that, where plaintiff provokes a difficulty by insults, abuse, threats, or other conduct well calculated to arouse the resentment or fears of the defendant, plaintiff is not entitled to recover. Bonneval v. American Coffee Co., 127 La. 57, 53 So. 426; McVay v. Ellis, 148 La. 247, 86 So. 783; Massett v. Keff, 116 La. 1107, 41 So. 330; Miller v. Meche, 111 La. 143, 35 So. 491; Johns v. Brinker, 30 La. Ann. 241; Bankston v. Folks, 38 La. Ann. 267; Vernon v. Bankston, 28 La. Ann. 710; Page v. Hillard, 14 Orl. App. 11; Fontenelle v. Waguespack, 150 La. 316, 90 So. 662; Osborne v. People's Benevolent Industrial Life Ins. Co. of La., 19 La. App. 667, 139 So. 733.

Counsel for plaintiffs finally argue that, in the event that we should conclude that the record as made up is insufficient to establish the plaintiffs' claims, the trial court erred in two respects which entitled plaintiffs to a remand.

■■ The first prejudicial error complained of is that the judge sustained an objection of counsel for defendants to the effect that a proposed rebuttal witness, Sam Chernim, should not be permitted to testify because he was present in the courtroom and listened to the testimony of several witnesses after the trial judge, on motion of counsel for plaintiffs, had ordered all witnesses excluded from the courtroom. There is no doubt that the witness was in the courtroom. The law is clear that a trial judge may exercise his discretion in such matters, subject to review only for abuse thereof. The purpose of having this witness testify was to show that one of the eyewitnesses of the defendants, John La Rocca, was seen by the tendered witness about 10:30 a. m. at the corner of Canal and Rampart streets, five blocks away from the scene of the fight, on the morning in question. In the affidavit signed by this proposed witness and filed in connection with a motion for a new trial he merely states that he saw La Rocca "about 10:30 a. m." His mere statement of the approximate time that he saw La Rocca would not be sufficient to justify a court in disbelieving La Rocca's statement that he was present and witnessed the difficulty. Furthermore, the dismissal of the plaintiffs' case was due to a lack of confidence in the truthfulness of plaintiffs' witnesses and not a belief in the correctness of defendants' evidence. We find no abuse of his discretion by our learned brother below.

■ The other ruling of the judge brought up for review is that he refused to permit a witness by the name of Jos. Walters to testify in rebuttal after the case was closed. This witness was not summoned and appears to have arrived in the courtroom after the case was closed, giving as an excuse for his delay that he had been detained in his doctor's office. This party was offered for the purpose of discrediting the testimony of the defendant Naihaus. In the affidavit signed by him in connection with a motion for new trial, Walters stated that Naihaus wanted to pay him as a photographer to make a picture enlarging a pimple on his cheek just below his eye so that it would appear to be an injury and that he refused to do so. We believe the trial judge did not act unfairly or arbitrarily in refusing to permit this witness to testify because the reason for the dismissal of the suit was a lack of confidence in the plaintiffs' evidence and not in the strength of the defendants'. Plaintiffs have had their day in court, and the case was fully presented in its most favorable aspect by their attorneys, but their evidence is unimpressive and unconvincing.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.