This is a suit by the Aetna Casualty Surety Company, in which it is alleged that Joseph Cazebon wantonly attacked Anthony Valenti, an employee of the Crescent Cigar Tobacco Company, and because of a policy of compensation insurance which it had issued to the tobacco company, it was obliged to pay to Valenti for medical and dental expenses and hospitalization the sum of $270.45. It sues Cazebon for this amount plus $100 attorneys' fees under a legal subrogation as established by Subsection 2 of Section 23 of Act 85 of 1926.
Cazebon answered denying that he had wantonly attacked Valenti and averring that he had struck him only in self-defense.
There was judgment below dismissing plaintiff's suit and it has appealed.
The plaintiff stands in the shoes of Valenti as his legal subrogee and it can only recover under circumstances which permit Valenti to recover and Valenti could not recover if he was at fault, even though the defendant was not justified in law in committing the assault and battery. Fontenelle v. Waguespack,150 La. 316, 90 So. 662.
In cases of this character the rule is, as was declared by Justice Higgins, when a member of this Court, in Finkelstein et al. v. Naihaus et al., 151 So. 686, 688: "* * * where plaintiff provokes a difficulty by insults, abuse, threats, or other conduct well calculated to arouse the resentment or fears of the defendant, plaintiff is not entitled to recover. Bonneval v. American Coffee Co., 127 La. 57, 53 So. 426; McVay v. Ellis,148 La. 247, 86 So. 783; Massett v. Keff, 116 La. 1107, 41 So. 330; Miller v. Meche, 111 La. 143, 35 So. 491; Johns v. Brinker, 30 La.Ann. 241; Bankston v. Folks, 38 La.Ann. 267; Vernon v. Bankston, 28 La.Ann. 710; Page v. Hillard, 14 Orleans App. 11; Fontenelle v. Waguespack, 150 La. 316, 90 So. 662; Osborne v. People's Benevolent Industrial Life *Page 119 
Insur. Co. of Louisiana, 19 La.App. 667, 139 So. 733."
It appears that one Anthony Valenti was a truck driver in the employ of the Crescent Cigar Tobacco Company and that he refused to leave his employment when the other truck drivers went on a strike. Joseph Cazebon was one of the striking employees engaged in picketing the tobacco company's place of business. On the morning of May 13, 1940, when the strike had been in progress for more than a month, Cazebon struck Valenti a violent blow in the mouth, cutting both lips and knocking out four teeth and causing other injuries mentioned in the petition.
The evidence on behalf of the plaintiff consists of the testimony of Anthony Valenti to the effect that the assault was a wanton one, entirely unprovoked and due solely to the animosity engendered between himself and those employees who were on strike, who would frequently denounce him as a "scab" and a "strikebreaker" and frequently curse him in a most vulgar and defamatory manner.
William Rau, another employee of the Crescent Cigar Tobacco Company, who was not concerned with the strike, testified on behalf of plaintiff. He stated that he heard a discussion between Valenti and Cazebon a few days before the assault which culminated with a threat on the part of Cazebon, who told Valenti "I will get you yet". This witness, on cross-examination, however, said that he heard Valenti, during the same argument, tell Cazebon "I will get you when you aren't got your crowd with you".
Cazebon, Alvin Kennedy, Robert Robichaux and Carroll A. Bayard, all of whom were pickets patrolling the premises of the Cigar Company, testified in substantial agreement and to the effect that Valenti was most belligerent and, on many occasions, taunted the strikers by making sarcastic remarks to the effect that they could not win the strike and why didn't they go to work; and that on the morning of the assault Valenti made some such remark, whereupon Cazebon asked him whether he was referring to him and Valenti replied "Yes, you _____", and then drew back as though intending to strike Cazebon, whereupon Cazebon struck Valenti twice. It is not contended that any blows were struck by Valenti.
It is obvious that the evidence numerically preponderates in favor of Cazebon. The trial court, in its written reasons for judgment, which we find in the record, said:
"There is a certain conflict of testimony on both sides of this case. Valenti testified he never had any argument at all with this man, and that he was the aggressor. Plaintiff's witness said he heard the argument between the two at the time Valenti said he would be willing to meet him at any time if he didn't have his gang with him. The court knows there are hard feelings between any men on strike and those who are attempting to break the strike or to continue working at the same time, and there had been feeling among the men; they called them strike breakers or scabs; that has been going on for years and years. And it seems to me as Valenti himself has not attempted to bring a suit against defendant in this case, that should have some weight with the court; if he felt he had been a victim of an assault and battery, certainly he is entitled to more damages than are claimed in the petition; and it strikes the court as peculiar that the assaulted man himself has not seen fit to bring suit, nor has any charge of assault and battery been filed.
"* * *
"I think the burden shifts to the defendant who strikes a man, to show he was justified in doing it. I think there was hard feelings on both sides, and from the evidence I have to draw upon my imagination and feel probably this man might have been — personally down in my heart I might have the feeling, but I can not say that from the evidence, but If I draw on my imagination I might do it, but you have two or three men that say he passed remarks and raised his hand; it might not be sufficient justification, but when you combine that with the hard feelings between the union and non-union men, and the fact that he had an argument two days before, when the old gentleman I think was reluctant in giving all the facts, and it was only finally dragged out that Valenti said, `Get your gang away and I will get you.' And I think justice would be best served by dismissing the suit in this instance. * * *".
We have a strong suspicion that Cazebon and his witnesses did not indulge in understatement in their account of the affray, but we have no reason to discard their evidence, which we would be obliged to do in order to permit the plaintiff in this suit to recover. There is also to be considered the *Page 120 
circumstance alluded to by the trial court, namely, the fact that Valenti himself is not suing and has, therefore, apparently abandoned any attempt to collect a much larger sum than is here in controversy which, as a plaintiff in the case, he would be entitled to receive should he prevail.
We are of the opinion that the judgment appealed from is correct, consequently and
For the reasons assigned, it is affirmed.
Affirmed.