I believe, under the finding of fact disclosed by the majority opinion, that the following paragraph from the First Circuit Court of Appeal case of Landry v. Himel, La. App., 176 So. 627, 629, is applicable:
"Where a plaintiff provokes a difficulty by insults, abuse, threats, or other conduct calculated to arouse resentment orfear on the part of the defendant, the plaintiff cannot recover for an assault and battery, although the defendant may not have been justified in law in his conduct. Finkelstein et al. v. Naihaus, et al., La. App., 151 So. 686; Walsh v. Schriner, La. App., 168 So. 345; Massett v. Keff, 116 La. 1107, 41 So. 330; Johns v. Brinker, 30 La. Ann. 241." (Emphasis mine.)
The above paragraph was cited and followed by the First Circuit Court of Appeal in the case of Manuel v. Ardoin, La. App., 16 So.2d 72.
In the case of Ponthieu v. Coco, La. App., 18 So.2d 351, this Court approved the statement that, under the Louisiana jurisprudence, "one provoking a difficulty with another cannot recover damages from him for assault, though the assault was not legally justified." The Court of Appeal reproduced, with approval, the following from the District Court's opinion in the Ponthieu case:
" 'The courts of Louisiana have consistently held that before a plaintiff can recover damages under such circumstances, it must be affirmatively shown that the plaintiff did not provoke the difficulty or was not at fault in provoking it, * * *.' "
Assuming for the sake of argument that Thomas' purpose in crossing the street with the whiskey bottle in his hand was hostile and that Ogden did not make the threatening gesture, the fact remains that plaintiff's conduct in defendant's cafe and his leaving the whiskey bottle in a place where the drinking of intoxicating liquor was not permitted was calculated to cause resentment on the part of Thomas.
Under the rule above announced, for plaintiff to recover, the record must show that he did not provoke the difficulty, and was not at fault in provoking it. In my opinion the record does not show that plaintiff was without fault. My further belief is that, accepting the facts as found in the majority opinion, defendant, as a matter of law, is not responsible to plaintiff.
For these reasons, I respectfully record this dissent. *Page 721