FRUGÉ, Judge ad hoc.
This is a suit by plaintiff, Skylar Hart-field, against B. Z. Thomas, both of Bogal-usa, Washington Parish, Louisiana, for damages ex delicto, in the sum of $25,000, for the alleged unlawful, unwarranted and unprovoked shooting of himself by the defendant at defendant’s place of business in Bogalusa. The defendant answered admitting the shooting and pleading justification on the ground that the plaintiff provoked the difficulty and was therefore not entitled to recover any sum as damages under the law. The Trial Judge dismissed plaintiff’s suit from which he appeals.
The Trial Judge in his written reasons for judgment thoroughly analyzes the evidence. It appears that on September 29, 1948, the plaintiff, at about the hour of 3:30 P.M., went to the office of Talley and Anthony in the City of Bogalusa and signed certain papers in connection with divorce proceedings between himself and his wife. The plaintiff then returned home, some two miles distant, where he remained until 6:00 P.M. when he returned to Columbia Street which is the main thoroughfare in Bogalusa. On his return to town he played pool a while with one of his nephews, then drove out with his nephew to Champagne’s Service Station which is across the street from defendant’s service station. Plaintiff went across to defendant’s service station and engaged defendant in a conversation. Plaintiff’s version of this conversation is that he simply went over to tell the defendant that he had signed papers in connection with his wife’s divorce and wanted the defendant to know that he was *217 not mad at him. The defendants version of the situation is that the plaintiff came to his place of business and started raising a fuss with him and began to threaten him about having gone with his wife. Defendant testified that he asked the plaintiff •on three different occasions to go away and leave him alone which the plaintiff refused to do and that finally when the plaintiff assumed a threatening and menacing attitude and suddenly advanced on him with a knife in his hand he, the defendant, was forced to shoot the plaintiff in order to protect himself. There were only two other witnesses who testified to what actually transpired immediately prior to the shooting. One is Tom Strahan who was seated in a small room of the filling station within a few feet of the defendant, and his testimony is to the effect that the plaintiff said he would kill the defendant if the defendant would come outside the room. The other eye witness was George Thomas who stated that immediately prior to the shooting plaintiff was advancing on the defendant with his hand in his pocket. There is a variance between the testimony of George Thomas and the defendant, himself. The Trial Judge states that in his opinion the plaintiff came to the service station of the defendant in an unfriendly attitude. The Trial Judge found from the evidence that the plaintiff came to the filling station fussing and threatening the defendant. There were several other witnesses but their testimony is of events which took place immediately after the shot was fired. ■
The trial judge states that after a careful review of all the testimony in this case he is of the opinion that the plaintiff actually provoked the difficulty by threatening the defendant and refusing to leave the defendant’s place of business even though requested to do so by said defendant many timesj and that in his opinion the provocation was sufficient to lead the defendant to believe that he was in danger of suffering bodily hárm at the hands of the plaintiff. He further states that he is of the opinion that the plaintiff provoked the difficulty by insults, abuses and threats which were calculated to arouse resentment or fear on the part of the defendant and that plaintiff cannot recover for the battery even though this defendant might not have been justified in law in his conduct. He further points out that defendant did not shoot the plaintiff until he felt that he had to and that he shot him only once and he did not continue shooting nor did he further molest ^ the plaintiff after the one shot, He points out that defendant used only such force as was necessary to repel his assailant and went no-further.
We cannot say that the Trial Judge, in his finding of facts, is manifestly erroneous, and we will therefore not disturb his ruling.
We believe the law applicable here, which is well established in this State, is that one who provokes a difficulty with another cannot recover damages for injuries' inflicted on him as a result thereof, even though the conduct of the one who inflicts the injuries was not justified in law. The authorities sustaining this rule are voluminous and hence it will suffice merely to mention a few.
In the early case of Vernon v. Bankston, 1876, 28 La.Ann. 710, the Supreme Court had this to say: “The jurisprudence of this state is well settled that one who is himself in fault cannot recover damages for a wrong resulting from such fault, although the party inflicting the injury was not justifiable under the laws.”
This rule was reaffirmed in another of the early cases, Bankston v. Folks, 1886, 38 La.Ann. 267 wherein the above ruling from the Vernon case was quoted with approval.
The above rule was again reaffirmed in the case of Lide v. Parker, 1927, 6 La.App. 648, quoting from the first syllabus: “One who is the aggressor and at fault in bringing on a difficulty in which he is injured cannot recover damages for such injuries even though the person who injures him was not justified in law in his conduct.”
In the Lide case the above Bankston and Vernon cases were cited with approval as well as the Miller v. Meche, 111 La. 143, 35 So. 491; Massett v. Keff, 116 La. 1107, 41 So. 330; Johns v. Brinker, 30 La.Ann. *218 241; Bonneval v. American Coffee Co., Inc., 127 La. 57, 53 So. 426. This Court, in the late case of Landry v. Himel, La.App., 176 So. 627, held that where a plaintiff provokes a difficulty by insults, abuses and threats or other conduct calculated to arouse resentment or fear on the part of the defendant, plaintiff cannot recover for assault and battery although defendant may not have been justified in law in his conduct.
Judgment affirmed.