75 So.2d 880 (1954)
Palmer C. SMITH, for his minor son, Clasper Smith,
v.
Douglas B. BANKSTON and Frank and Henry Musacchia, d/b/a Wright Root Beer Bottling Co.
No. 3891.
Court of Appeal of Louisiana, First Circuit.
November 18, 1954.
Bell & Jones, Baton Rouge, for appellant.
Breazeale, Sachse & Wilson, Baton Rouge, for appellees.
ELLIS, Judge.
This suit was brought by the plaintiff as the administrator of the estate of his minor son, Clasper Smith, against his employers Frank and Henry Musacchia, doing business as Wright Root Beer Bottling *881 Company and Douglas B. Bankston, a fellow-employee of the minor. It is alleged that while the minor and Bankston were engaged in their respective duties the latter committed, without provocation, an unlawful and wilful assault and battery upon the person of the minor, causing injuries, for which damages are sought, in solido, against all three defendants.
All the defendants filed exceptions of no cause and no right of action upon the basis that if there was any cause of action it arose under the Employers Liability Act and not under the tort Article of our LSA-Civil Code, 2315.
The District Court maintained the exceptions as to the defendants Frank and Henry Musacchia, and overruled them as to the defendant, Douglas B. Bankston.
The cause against the defendant, Bankston, was tried by a jury, which returned a verdict for the defendant. A motion for a new trial was denied.
This appeal was taken from the ruling of the lower court in maintaining the exceptions as to Frank and Henry Musacchia, and from the verdict of the jury and the ruling of the lower court in denying the motion for a new trial.
Although Clasper Smith was a minor there is no allegation in the petition that his parents objected to his employment, nor was any evidence introduced that they in any way did other than acquiesce in his employment. Consequently, they impliedly consented to his employment and impliedly elected that their minor son be governed by the Employers Liability Act of Louisiana.
This principle is well established in our jurisprudence. In Ballard v. Stroube Drug. Co., 19 So.2d 593, this Court of Appeal applied this interpretation to the employment of a 15 year old boy and held that such employment precluded the maintainance of a suit under general tort law.
Thus, the minor here, was a bona fide employee of Frank and Henry Musacchia and the rights he has against them for an injury during the course and scope of his employment, would arise under the provisions of the Employers Liability Act, LSA-Revised Statutes of Louisiana, 23:1032. The record is clear that the occupation came under the provisions of this Act, and that the injury was suffered during the scope and course of employment. The Statute reads:
"Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.
"Nothing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute."
There can be no doubt but that when an employee is injured as the result of a tort of a fellow employee the employer is liable under the Employers Liability Act. This is well settled in our jurisprudence. See Ferguson v. Cady-McFarland Gravel Co., 156 La. 871, 101 So. 248; Brown v. Goodpine Lumber Co. of Louisiana, Inc., 8 La.App. 123; Mayo v. Dennis Sheen Transfer, Inc., La.App., 180 So. 161; Conley v. Travelers Insurance Co., La.App., 53 So.2d 681.
However, the appellant contends he is entitled to recover damages under the regular tort provisions of our Statutes, namely, Article 2315 of our LSA-Revised Civil Code, as the wilful and wanton acts of the agent of an employer upon another employee are not within the meaning and contemplation of our Workmen's Compensation Act.
Such a contention makes the appellant's demand herein one for the recovery of damages stated to have resulted from the wrongful act of the employer.
*882 A discussion upon this point appears in 58 Am.Jur., Workmen's Compensation, Sec. 199, which states:
"The fact that an injury may have resulted from the negligence or wrongful act of the employer does not affect the compensability thereof, in the absence of any provision that it shall have such effect. The fact that an injury is caused by the wilful act or the gross negligence of the employer may, however, have the effect of giving the employee the right, at his option, to maintain an action at law for damages, * * *."
Section 54 reads:
"Many of the compensation acts contain provisions preserving the ordinary remedies at law for injuries resulting to employees from the employer's willful act or misconduct."
Our Act contains no such provision as mentioned above and the LSA-Revised Statutes, 23:1032, supra, provide that an employee's rights and remedies under the Act are exclusive.
Consequently, the exceptions as to the defendants Frank and Henry Musacchia were correctly maintained. Plaintiff is not re-urging the exception as to defendant Bankston. The Lower Court's ruling was correct.
The defendant vigorously calls to our attention the almost universal rule, well founded in our jurisprudence, that appellate courts have refused to disturb the verdict of a jury, approved by the trial court, in denying a new trial, in the absence of manifest error. We agree with the cases cited in appellee's brief, and we have repeatedly applied this principle. However, a thorough and careful consideration of the facts and evidence contained in this record and law applicable must be made in order to determine the question of manifest error.
It is a general rule in this class of cases that a plaintiff can recover in an action for an assault and battery committed without legal excuse unless he provoked the difficulty by conduct calculated to arouse the resentment or fears of the defendant. Bonneval v. American Coffee Co., 127 La. 57, 53 So. 426; Oakes v. H. Weil Baking Co., 174 La. 770, 141 So. 456; Guillory v. Fontenot, 2 La.App. 189; Graham v. McCrory, 8 La.App. 22; Herrington v. Magee, 15 La.App. 183, 131 So. 490; Newsom v. Starns, La.App., 142 So. 704; Finkelstein v. Naihaus, La.App., 151 So. 686; Jumonville v. Freys, Inc., La.App., 173 So. 227; Landry v. Himel, La.App., 176 So. 627; Betz v. Teche Lines, La.App., 7 So.2d 656; Sheppard v. Causey, La.App., 8 So.2d 86; Aetna Casualty & Surety Co. v. Cazebon, La.App., 11 So.2d 118; Manuel v. Ardoin, La.App., 16 So.2d 72; McCurdy v. City Cab Company, La.App., 32 So.2d 720; Ogden v. Thomas, La.App., 41 So.2d 717; Hartfield v. Thomas, La.App., 45 So.2d 216; Smith v. Clemmons, La.App., 48 So.2d 813; Mecom v. Marshall, La.App., 64 So.2d 515.
Whether a person assaulted provoked the difficulty so as to be precluded from damages for injuries inflicted upon him depends on the peculiar facts of the case. See Sheppard v. Causey, supra.
On the day the defendant Bankston struck the plaintiff Clasper Smith it is shown that Bankston was supervising the loading of a soft drink truck belonging to the defendants, Frank and Henry Musacchia, and the minor Clasper Smith was one of the loaders. Bankston frankly admitted that he slapped or struck Smith on the side of the head or face because he had instructed Smith to load an orange drink but instead he brought strawberry, and Bankston then asked him to take it back and get the orange drink, whereupon Smith placed the strawberry beside the building, picked up a case of root beer and threw it on top of the truck. Bankston asked him not to but he threw another case which glanced Bankston's foot, but the latter frankly did not think that Smith was intentionally attempting to injure him. Bankston testified, and Smith corroborated him, that the latter refused to follow his instructions in the manner of loading the *883 truck, and it was then that he jumped down from the truck and slapped him. Bankston denies hitting Smith in the chest, however, Smith and the other loader both testified to this fact.
Defendant Bankston was asked the following questions and gave the following answers:
"Q. But you were just angry because he wouldn't obey you, is that right? A. Yes, after you tell a man to do something and he tells you flat out he won't do it
"Q. And you decided to chastise him, is that right? Make him obey your orders? A. Not necessarily.
"Q. But you were angry because he didn't do it and slapped him because he didn't do it? A. Well, I wouldn't say I jumped off the truck to slap him but when I saw him raise his fist, I slapped him.
"Q. And you slapped him because you just didn't like for him not to do what you said? A. That could be a combination of things." Bankston further testified that "When I jumped down he raised his fist. He evidently thought I was going to hit him." Apparently Smith thought right but the point is that the boy probably raised his hand in order to defend himself because the testimony is very clear that Smith had nothing to say to Bankston when he got down off the truck nor afterwards nor did he make any attempt to defend himself other than raise his fist or hand.
Frank Musacchia, one of the defendants as well as the employer, stated he heard Smith crying and that when he arrived upon the scene he saw Bankston shaking his fist at Smith and that Smith was making no threats or motions toward Bankston.
Under these facts we find no provocation or excuse for Bankston's attack upon Smith so as to excuse him from civil liability. The only action of the minor which could be considered provocation at all was his failure to load the truck in accordance with the wishes or direction of Bankston. There was no personal provocation toward Bankston but rather a disobedience of his wishes as to the manner in which Smith was carrying out his duties. This might well have been reason for Bankston to have requested the boy's employer to discipline or discharge him but it was not such provocation as to warrant the action taken by Bankston. "Provocative words may be justification for assault if under circumstances it should have been assumed that physical retaliation would be attempted." Smith v. Parker, La.App., 59 So.2d 718. Under the facts and circumstances of the present case it should not have been assumed that Bankston would attempt a physical retaliation against Smith for disobeying working orders.
The case of Deppeart v. Rombotis, 115 La. 49, 38 So. 890, is similar to the present one. In that case a waitress broke one of the rules of a restaurant and gave a false excuse for so doing, and her employer struck her in anger and he was held liable in an action for the assault.
For these reasons, we believe that the verdict of the Jury is manifestly erroneous on the merits.
On the question of damages, there were no marks left on the plaintiff and no evidence that Bankston struck him with great force. He did cry but as he said this was due greatly to anger. After the occurrence he went home and returned with his father and continued working. He finished the week and was discharged by his employer. He lost no time as a result of the affray. He did go to see a doctor who testified there were no marks on him and the only complaint was a ringing in one of his ears where he said Bankston struck him. The doctor cleaned some wax out of his ear and put in some oil but frankly admitted that this was not done because of the injury nor was the wax due to the injury. Objectively the doctor found nothing. His total bill was $6.50. Plaintiff is entitled to this amount. For humiliation and embarrassment, an award of $50 would be sufficient. This case is very similar on *884 a question of injuries and damage to Guarisco Motor Company v. Carline, 28 So.2d 364, decided by this Court. In that case the Court found that the blow inflicted upon plaintiff was not severe enough for plaintiff to suffer any physical pain and therefore the Court stated that his damages if any would be restricted to the sum of $50 which was sufficient to recompense him for the humiliation and embarrassment he endured.
As to the amount of the award, it was also shown that the defendant Bankston was a married man with three children, making $48.50 per week, and owned no automobile or real estate. His ability to respond is practically nil.
It is therefore ordered that the verdict of the jury and judgment rendered herein be reversed and that there be judgment in favor of plaintiff and against the defendant in the sum of $56.50 with legal interest from judicial demand until paid and all costs of this suit.