### ESPENAN v. CARONA et al.*

### DEMASI v. SAME.

### Nos. 16796, 16797.

Court of Appeal of Louisiana. Orleans.

Feb. 21, 1938.

Jacob H. Morrison and DeLesseps S. Morrison, both of New Orleans, for appellants.

Leo W. McCune, of Gretna, for appellees.

WESTERFIELD, Judge.

These two suits grow out of the same incident and were consolidated below for the purpose of trial and in this court for the purpose of argument. Both suits are brought against the same defendants. The plaintiff in the first suit, Mrs. Edna Espenan, claims $11,000, and the plaintiff in the second suit, Cosimo Demasi, claims $3,500. The defendants are Victor J. Carona, the marshal of the town of Kenner, Joseph Fourroux, John Chiro, and Frank Perroni.

On September 8, 1935, Cosimo Demasi, accompanied by Mrs. Edna Espenan, went to the town of Kenner for the purpose of peddling ice cream in the shape of bars known as "Klondyke Bars" for his employer, Wainwright's Klondyke Company. On that day there was a church fair in progress in Kenner and the business houses, either voluntarily or because of the request of those in charge of the church fair, had been closed. When Demasi attempted to peddle his ice cream a committee representing those conducting the church fair called upon the town marshal, Victor J. Carona, who was at his home, in an effort to prevent Demasi from peddling his ice cream to the detriment of the fair. Carona, accompanied by the other defendants, Frank Perroni, John Chiro, and John Fourroux, who are alleged to have been commissioned as deputy marshals by Carona, approached Demasi and either requested or ordered him to desist from selling ice cream, claiming that he did not have a proper license. An altercation ensued which was participated in by Mrs. Espenan. According to the

plaintiffs they were beaten with the butt end of a revolver and otherwise assaulted by all four defendants, and Demasi subsequently incarcerated in the town jail where he was compelled to remain overnight without food and at the mercy of the mosquitoes with which the locality was infested at the time of the arrest.

It is contended that Demasi had a license which authorized him to peddle his ice cream in the town of Kenner, having obtained it from the proper authority, and that, therefore, the interference on the part of the marshal and those acting with him was without proper cause, arbitrary, and illegal; and, in any event, unnecessary violence was resorted to in making the arrest.

In addition to the two plaintiffs who testified in their own behalf, corroborating evidence was given by Mr. and Mrs. August Cristina, residents of the town of Kenner, whose testimony is to the effect that Demasi was beaten by one or more of the defendants while prostrate on the ground.

As against this testimony on behalf of the plaintiffs, Victor J. Carona testified that he attempted to persuade Demasi to stop selling his ice cream bars, pointing out that the business houses of the town of Kenner had closed to help the church fair, and that he should do likewise, but that Demasi insisted on selling the ice cream, claiming to have a proper license; that the license which Demasi had did not cover the character of business he was transacting and that for that reason Demasi was arrested and that Mrs. Espenan interfered and assaulted him with a small bell, which she carried for the purpose of attracting customers, hit him over the head with the bell and bit him on the back while her daughter bit him on the hand; that as he tried to get away from her she fell and, in some way, struck her head on some object on the ground; that he had no pistol and did not strike either plaintiff; that he took Mrs. Espenan to Dr. Kopfler's home where she created a scene by cursing and abusing him, using vile and obscene language, her conduct being so outrageous that Dr. Kopfler ordered her out of his office, whereupon she began abusing the doctor in the same indecent manner.

Frank Perroni testified very much to the same effect as Carona, adding that while Demasi was in custody he attempted to escape by running away but was pursued by him and as he was placed under arrest both fell to the ground, as a result of which Demasi received slight injuries to his head caused by striking it on some gravel in the street, but that he at no time struck Demasi. The other defendants corroborated Carona and Perroni.

Dr. Kopfler stated that he treated all four defendants for bites about their bodies and on their hands; that Mrs. Espenan had a lacerated wound of her scalp upon which he placed a bandage and gave instructions that she be taken to the hospital; that he could not do anything more for her because "she was cutting up so much."

Mrs. Espenan in rebuttal declared that she did not bite the defendants, but admitted that her daughter did. Plaintiff's daughter, Miss Edna Espenan, testified in corroboration of her mother and Demasi and stated that she and not her mother bit Carona on the back. She declared that all the cursing was done by Mr. Carona and that her mother "told him to stop cussing in front of a lady, and he said you don't call yourself a lady do you and my mother said yes, as much as your mother, and that made him angry, and he took my mother by the throat and said if you say another word I'll kill you."

We have no difficulty in finding the law to be as stated by plaintiffs' counsel that when a town marshal or other enforcement officer undertakes to make an arrest and in doing so uses unnecessary violence or brutality, he is liable in damages for such injuries as he may inflict. Oakes v. H. Weil Baking Company, 174 La. 770, 141 So. 456; Stoehr v. Payne, 132 La. 213, 61 So. 206, 44 L.R.A.,N.S., 604.

The question of whether or not Demasi had the proper license for the peddling of ice cream in the town of Kenner, asserted by the plaintiffs and denied by the defendants, we do not deem to be of importance, since the question at issue is not whether the marshal had the right to arrest Demasi, but whether in effecting the arrest he used unnecessary violence. If Demasi, as a matter of fact, had a correct license but Carona, the town marshal, sincerely believed otherwise and in good faith attempted to arrest Demasi for selling ice cream without a license, Demasi would not be justified in violently resisting arrest.

The case turns upon a question of fact and the evidence is in hopeless conflict. According to plaintiffs and their wit-

nesses they were brutally beaten and badly treated by the town marshal and those whom he had called to his assistance, without justification or provocation. On the other hand, the town marshal, Carona, and the other defendants state that Demasi was handled with great consideration and that the difficulty was provoked by him because of his refusal to stop peddling his ice cream bars and submit quietly to arrest. The testimony of Dr. Kopfler, a disinterested witness, concerning what transpired in his office and the nature of defendants' wounds tends to corroborate the defense. On the other hand the testimony of Mr. and Mrs. August Cristina, who are also disinterested witnesses, lends support to the version of the plaintiffs. On the whole we are unable to say that the plaintiffs have borne the burden of proving their case with legal certainty.

For the reasons assigned, the judgments appealed from are affirmed.

Affirmed.