HALL, Judge.
Ina Mae Jenkins, individually, and George Jenkins, her husband, individually and as administrator of the estate of his minor daughter, Ina, filed this suit for damages against Nathan Steadman alleging that he wantonly and maliciously committed an assault and battery upon their daughter, Ina, by striking and choking her. George Jenkins, in his representative capacity, prayed for damages in the sum of $5,000.00 for the pain and suffering occasioned to his minor daughter. Ina Mae Jenkins, individually, and George Jenkins, individually, prayed for damages for their own mental pain and suffering and humiliation occasioned by their daughter’s injuries in the sum of $1,500.00 and $1,000.00 respectively and in addition thereto George Jenkins prayed for reimbursement of his daughter’s medical expenses in the sum of $41.51. The defendant filed a general denial. Following trial on the merits judgment was rendered rejecting plaintiffs’ claims and dismissing their suit at their cost. Plaintiffs appealed.
The matter was submitted to us on briefs without oral argument.
The record reveals the following facts:
On May 7, 1966 at about 7:30 P.M., Ina Jenkins, aged 13 was sent by her mother to buy a loaf of bread at a neighborhood grocery. She was accompanied by her younger brother, Kevin, aged 9. On the way home Ina became involved in an altercation with another minor, Betty Cousins, outside a small restaurant and bar. According to Ina’s testimony the two girls had been fighting for about five minutes when the defendant, Nathan Steadman, emerged from the bar and grabbed Ina with his arm. When that happened young Kevin ran home to tell his parents who called the police.
The record indicates that defendant held Ina until someone in the crowd, which gathered quickly, intervened and he released her. Ina went home and shortly thereafter complained to her mother that she was having trouble swallowing and that her throat and jaw were hurting. Her mother took her to the Touro Infirmary Emergency Room where she was examined about 9:15 P.M. and released. She returned to the Touro Infirmary Out-Patient Clinic on May 16, 1966 still complaining of a pain in the jaw, and x-rays of her *785 jaw were taken. She returned again on May 23 and on May 30th, 1966, on which latter date she was discharged. Photostatic copies of the clinic records were identified and introduced in evidence but insofar as legible show only that Ina had tenderness over her larynx and that the x-rays of her jaw were negative. There also appears in the record a document entitled “Exhibit A” which consists of a handwritten statement apparently signed by Dr. David S. Wisdom concerning his examination of Ina. The document is addressed “To whom it may concern” and forms no part of the hospital record. Dr. Wisdom did not testify and the statement is not only purely hearsay but we do not find that it was offered in evidence.
According to the record Ina’s injuries consisted solely of a tenderness over the larynx and a sore jaw. Her difficulty in swallowing was purely temporary and she fully recovered from her other complaints within two weeks.
The main question presented is whether there was a causal connection between Ina’s injuries and defendant’s action in throwing his arm around her. There is no question but that defendant’s purpose in so doing was to separate the girls and stop the fight and there is nothing in the record to show that he struck Ina or squeezed her or used any force in restraining her. He merely held the child with his arm.
The testimony is conflicting as to where defendant’s arm actually rested on Ina. Ina testified that defendant came up behind her and placed his arm around her neck. She said his hand never touched her neck. Ora Parker, a plaintiff witness, first testified that defendant held her around the high chest, she then stated that he might have had her around the neck, and finally testified that she couldn’t say he held her around the neck but it was around the high chest just under the adam’s apple. Another plaintiff witness, Honora Curry, said that defendant’s arm was around Ina’s neck.
The defendant testified that when he came out of the restaurant the girls were fighting and that Ina tried to pick up a rock and he grabbed her around the waist; that he never had his arm around her neck but that he placed his arm around her chest and over her arms to prevent her from throwing the rock. Defendant’s daughter, Debra Steadman, testified to the same effect. H. H. Cousins, a defense witness, also testified that Ina had a rock and that defendant did not place his arm around Ina’s neck but held her under the arms.
The Trial Judge was of the opinion “* * * that in view of the height of this plaintiff, as compared to that of the defendant (even though the defendant is not very tall) it is logical to believe that defendant’s arm did surround plaintiff’s neck, rather than her waist or even her chest, as defendant would have the Court believe. To reach around plaintiff minor’s waist, or even her chest, would have required defendant to have been in a stooped position.”
If we assume, as the Trial Court did, that defendant’s arm rested around Ina’s neck, was that the cause of Ina’s complaints ?
Ina testified that she and the other girl had been fighting for five minutes before defendant intervened; that she and the other girl were hitting each other all over the body. She testified that she could have been hit in the jaw or in the face or in the neck. She further testified that while defendant was holding her the other girl kept punching her in the face. Ora Parker testified she “didn’t see” the other girl hit Ina while she was being held. Honora Curry also didn’t see this but stated she couldn’t see very well on account of the crowd which had gathered.
Plaintiff did not adduce the testimony of either of the two doctors who examined Ina after the fight. The only medical evidence we have is the hospital report.
On the basis of the record before us we find it impossible to determine whether *786 Ina’s injuries were caused by defendant or whether they were the result of the fight itself. On the basis of the testimony adduced it would be just as logical to conclude that the injury to Ina’s neck and jaw were caused by the blows she received in the fight as to conclude that her injuries were caused as a result of defendant’s action in placing his arm around her. We are therefore of the opinion, as was the Trial Judge, that plaintiffs have failed to sustain the burden of proving that Ina’s complaints were the result of defendant’s actions.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiffs.
Affirmed.