LANDRY, Judge.
This action by plaintiff, Thomas A. Kemp, seeks damages for personal injuries sustained by his minor sons, Bradford and Randall, in a teenage dance brawl that occurred on the night of November 18, 1967. Plaintiff also seeks recovery of medical expense incurred in treatment of Bradford’s injuries.
Named defendants are J. M. Daniel, Alton Bullock, and Louis A. Jones, Sr., whose minor sons, Robert, Earl and Louis, Jr., respectively, allegedly inflicted serious injuries upon Bradford Kemp. Plaintiff also seeks recovery from J. M. Daniel and Louis A. Jones, Sr. for an alleged unprovoked assault upon Randall by Robert Daniel and young Jones. Allstate Insurance Company, Jones’ liability insurer, is also made defendant.
The trial court rendered judgment rejecting plaintiff’s demands against Bullock upon finding that Bradford Kemp and the Bullock lad mutually engaged in a fist fight. The lower court also found that young Jones joined in the fracas without provocation and kicked Bradford Kemp in the face. Recovery was denied Bradford Kemp, however, upon the lower court finding that the testimony failed to disclose whether Bullock or Jones caused Bradford Kemp’s injuries. Recovery was denied Randall Kemp on the ground that no injuries were proven. Plaintiff has appealed claiming the lower court erred in not awarding damages against Jones and Allstate on behalf of Bradford Kemp for injuries inflicted by Jones and failing to assess damages in favor of Randall Kemp against Jones and Allstate for fright, humiliation and mental anguish. Appellant does not complain of the dismissal of his action against Daniel. We reverse that portion of the trial court’s judgment denying plaintiff damages on behalf of both his sons against Jones and Allstate.
It suffices to state that Bradford Kemp and Earl Bullock, while attending a dance, mutually agreed to go outside and engage in fisticuffs. As was to be expected, a crowd of teenagers gathered at the scene. It appears that the two Kemp lads were from “out of town”, and that the numerous spectators were mostly on the side of the “local boy”, Bullock. At the inception of the fight, Kemp and Bullock wrestled each other to the ground whereupon Kemp struck the back of his head on the surface of a concrete area near which the fight occurred. The contact between Kemp’s head and the concrete surface caused Kemp to momentarily “black out” and thereafter left him somewhat dazed and stunned. Nevertheless the fight continued with Kemp getting somewhat the worse of the matter. Beyond question, Bullock struck Kemp one or more blows on or about the face. While the boys were wrestling on the ground, Kemp received a kick in the face from a bystander.
Numerous acquaintances of Bullock testified in essence that they did not see anyone kick Kemp in the face. Randall Kemp testified unequivocally that while his brother was on the ground, he saw Louis Jones, Jr. kick Bradford in the face. Bradford Kemp’s testimony was that while he was wrestling on the ground with Bullock, someone kicked him in the face. He stated he saw the kick coming, but frankly admitted he could not identify the perpetrator of the deed. The local chief of police testified that his investigation of the matter *144 includéd questioning one Bob Daniel who admitted that he, Daniel, kicked Bradford Kemp in the side one time while Kemp was on the ground.
On appeal, counsel for defendants maintain the trial court erred in finding as a fact that Jones kicked Kemp in the face. Counsel points to the numerous witnesses who gave negative testimony to the effect they saw no such occurrence, and likewise notes that the testimony of Randall Kemp must be considered biased in favor of his brother. There appears no reason why Randall Kemp would falsely charge Jones with such base conduct when Jones was not otherwise involved in the fight with his brother. The trial court decided the issue on its assessment of the credibility of the several witnesses. He obviously rejected the testimony of the numerous witnesses who were admittedly “rooting for” their hometown acquaintance, Bullock. Under the circumstances, we cannot say that the trial court erred in accepting Randall Kemp’s positive testimony in preference to that of the witnesses who appeared for defendants. Most certainly, we do not find that the lower court was manifestly wrong in concluding that Jones did kick Kemp in the face.
Defendants, relying primarily upon Jenkins v. Steadman, La.App., 211 So.2d 783, maintain the trial court properly rejected Bradford Kemp’s claim against Jones because plaintiff failed to establish that his injuries resulted from the alleged kick.
We are in accord with the rule announced in Jenkins, above, and authorities which hold that plaintiff must establish that the injuries complained of resulted from action by the defendant. Several witnesses testified in essence that the fight between Kemp and Bullock was essentially a wrestling match. Others testified, and we so find, that during the altercation, Bullock struck Kemp in the face with his fists, perhaps as many as two or three times. We find, however, that the extent of Kemp’s injuries indicate a massive blow to the face, such as a kick in the face, rather than injuries inflicted in an altercation characterized as primarily a wrestling match wherein one received one or two blows in the face from the fists of his adversary. We find that the evidence preponderates in favor of the conclusion that Kemp’s injuries resulted principally, if not entirely, from the kick administered by Jones.
Following the fracas, Kemp was taken to the hospital. Examination by the treating physician, Dr. Richard T. Hort-man, disclosed marked swelling of the bridge of the nose and also the left infra-orbital area. Kemp also sustained a three centimeter deep jagged transverse laceration of the lower lip in the midline, which injury required suturing, and avulsion of the tip of the two upper front incisor teeth. Severe contusion of the left facial area below the eye was likewise noted. X-rays disclosed no fracture of the nose or facial bones. Some clouding of the left maxillary sinus was noted, which was considered secondary to soft tissue swelling or hemorrhage. The patient was hospitalized for three days and treated with an ice cap to the face, elevation of the head, antibiotics, and medication for pain. While hospitalized, Kemp developed severe maxillary sinusitis due to his injuries. Kemp’s facial swelling decreased gradually. The patient was discharged November 22, 1967, on prescribed antibiotics and decongestants for his sinusitis. On an office visit to his physician on November 25, 1967, Kemp was found improved but still complained of congestion in the left facial area. He was referred for dental examination and for a checkup by an ear, nose and throat specialist. Dr. Hortman noted that Kemp’s only permanent injury was the loss of his two upper incisors. Kemp returned to school following his discharge from the hospital.
Examination by J. P. Langston, D.D.S., revealed a fracture of the lingual maxillary plate and a fracture of two central incisors. Dr. Langston treated young Kemp until April 4, 1968, on which date jacket *145 crowns were furnished for the missing incisor teeth. The Kemp youth testified that he is still apprehensive of losing his remaining teeth as result of his injuries.
We believe an award of $3,500.00 will adequately compensate Bradford Kemp for his injuries. In addition, the senior Kemp is entitled to medical expense in the sum of $371.69, incurred in treatment of his son’s injuries.
Young Jones admitted slapping Randall Kemp across the mouth with the back of his hand. He stated that when Randall attempted to join his brother at the fight scene, Jones admonished Kemp to remain where he was. He also explained that when Kemp became excited because he was being prevented from going to his brother’s aid, Jones then slapped him. The trial court found that this battery upon Randall Kemp was wholly unjustified. With this conclusion, we are in complete accord.
It is settled law that the victim of an assault and battery may recover for indignity, fright, humiliation and mental distress. Bonneval v. American Coffee Co., 127 La. 57, 53 So. 426; Fontenelle v. Waguespack, 150 La. 316, 90 So. 662; Beaucoudray v. Hirsch, La.App., 49 So.2d 770.
Defendants maintain that since plaintiff’s petition asks damages for Randall Kemp for “personal injuries” and did not expressly seek recovery for indignity, humiliation, fright, embarrassment and mental anguish, such elements may not constitute ground for recovery. In so contending, defendants rely on Taylor v. Allstate Insurance Company, et al., La.App., 205 So.2d 807, which held that a claim for mental anguish is completely separate and apart from a demand for pain and suffering. The basis of the argument is that the term “personal injuries”, within the context of this action, does not encompass a claim for indignity, fear and humiliation.
LSA-C.C.P. art. 5051'declares that our Code of Civil Procedure is to be construed liberally and with due regard for the principle that procedural rules implement substantive law and are not an end in themselves. LSA-C.C.P. art. 865 declares that “every pleading shall be so construed as to do substantial justice.” Pursuant to LSA-C.C.P. art. 2164, appellate courts may render any judgment which is just, legal and proper upon the record on appeal. A reasonable construction of plaintiff’s petition, especially considering defendants’ concession in brief that plaintiff sought damages below for humiliation and indignity, is that the petition encompasses a demand for damages for indignity and humiliation. Such a construction is also deemed in the interest of justice Inasmuch as young Jones candidly admitted he struck Randall Kemp without justification or provocation. Randall Kemp was examined by Dr. Hortman who found no injuries requiring treatment. Under the circumstances, we feel that an award of $100.00 will adequately compensate this young man for the humiliation and embarrassment endured.
It is ordered, adjudged and decreed that the judgment of the trial court rejecting plaintiff’s claims against defendants, Louis A. Jones, Sr. and Allstate Insurance Company, be and the same is hereby reversed and set aside, and judgment rendered herein in favor of plaintiff, Thomas A. Kemp, and against defendants, Louis A. Jones, Sr. and Allstate Insurance Company, in solido, as follows: Individually, in the sum of $371.69; for the use and benefit of the minor, Bradford Kemp, in the sum of $3,500.00; and for the use and benefit of the minor, Randall Kemp, in the sum of $100.00; with interest on all sums at the legal rate of interest from date of judicial demand, until paid, together with all costs of these proceedings.
It is further ordered, adjudged and decreed that except as herein reversed and rendered, the judgment of the trial court is affirmed.
Affirmed in part, reversed in part, and rendered.