CRAIN, Judge.
This suit arises from an incident which occurred at the “L.S.U.-Ole Miss” football *452 game played in Baton Rouge, Louisiana, on November 2, 1968. Plaintiff was a Sergeant in the Louisiana State Police, and was assigned to work this particular game. During the half-time an altercation occurred between plaintiff and the defendant, Lawrence A. Bienvenu, III, resulting in the alleged injuries which are the subject of this suit.
Plaintiff sued Bienvenu alleging he suffered personal injuries as the result of an intentional attack upon plaintiff by the defendant. He alleges alternatively that the injuries were the result of negligence on the part of defendant, rendering defendant liable therefor along with defendant’s homeowners liability insurance carrier, Liverpool and London and Globe Insurance Company, Limited, hereafter referred to as Globe.
The issue throughout has been whether plaintiff’s injuries were the result of negligence on the part of defendant, or an intentional attack. If the former, then Globe is liable for any damages assessed. If the latter, then Globe is not liable because of a provision in its policy excluding coverage when the damages result from an intentional tort on the part of its insured. Based on this exclusion, Globe has denied liability throughout and has refused to furnish a defense to their insured.
The evidence indicates that defendant attended the ball game in the company of his wife, his brother and another couple. Their seats were in the southeast portion of the LSU stadium. The Ole Miss section was located below and to the north of them. During the first half there was considerable heckling between the defendants and persons in the Ole Miss section. Finally some ice was thrown at or in the vicinity of defendant, striking his wife’s glasses. Defendant and his brother then went down the ramp under the stadium in the general direction of the Ole Miss section where Sergeant Passman was on duty. A conversation ensued between Sergeant Passman and defendant’s 'brother, during which time defendant apparently engaged in continued heckling with the Ole Miss fans, and also conversed with a second unidentified trooper in the area. Defendant states that as he turned to rejoin his brother, someone grabbed his arm. He jerked himself loose not knowing who had grabbed him. The force of jerking himself loose propelled him forward into Sergeant Passman’s back. Subsequently Sergeant Passman and Trooper Charles Sullivan placed the defendant under arrest, and had to forcibly remove him from the stadium. The trial court found the injuries received by Sergeant Passman to have been the result of negligence on the part of the defendant.
Four persons were called to testify concerning the original incident: Sergeant Passman, the defendant, defendant’s brother, and Trooper Sullivan. Neither Sergeant Passman nor defendant’s brother saw the actual contact between defendant and Sergeant Passman. Defendant’s testimony was as related above. Trooper Sullivan stated he saw defendant shove the plaintiff from behind, but he saw none of the incidents prior to the actual contact that would contradict defendant’s version of how he came to shove Sergeant Pass-man. Under these circumstances, we cannot say that the decision of the trial court was manifestly erroneous in finding the original contact between plaintiff and defendant to have resulted from negligence on the part of defendant.
It is argued that because of the necessity of Sergeant Passman having to forcibly remove the defendant from the stadium after the above related incident, there is no proof as to whether the injuries received by Sergeant Passman were the result of the original incident or occurred after-wards when defendant was resisting arrest. It is therefore argued that the record will not support a finding that the injuries were the result of an intentional or unintentional act.
*453 Sergeant Passman received a ruptured disc which required removal of the disc. The only evidence in the record indicating a direct trauma to the back occurred during the first incident between Sergeant Passman and the defendant. Under these circumstances the evidence preponderates in favor of the injury having been the result of the original blow to the back. Cf. Kemp v. Allstate Ins. Co., La.App., 247 So.2d 142. Accordingly, we find no manifest error in the finding of the trial court assessing the damages to Globe.
The trial court awarded plaintiff the sum of $6,500.00 for his injuries. This amount is not questioned by plaintiff nor defendant and we find it to be within the limit of the trial court’s discretion.
We also find no error in the trial court’s award of $750.00 attorney fees to defendant in his third party demand against Globe for failure to furnish a defense.
Accordingly, the judgment of the trial' court is affirmed in all respects, all costs to be paid by Globe.
Affirmed.